WILLIAM R. SMITH AND OTHERS, RESPONDENTS, v. JONAH PHILLIPS, APPELLANT.

WATERS.—DECREE.—UNCERTAINTY.—A decree in an action to determine rights to water in a stream adjudged that defendant should have the use of one good irrigation stream of water of the creek sixty hours out of every sixteen days, to be measured out, distributed to him and his use thereof regulated by the watermaster; *held*, to be void for uncertainty.

APPEAL from a decree of the district court of the first district. The opinion states the facts.

*Messrs. Booth and Wilson* and *Mr. J. G. Sutherland* for the appellant.

*Messrs. Sutherland, Thurman and King* for the respondents.

HENDERSON, J.

This action was brought in the first district court to obtain a decree defining the rights of the parties in and to the waters of Dry Creek, and to apportion said waters among the several owners thereof. The complaint is filed by the plaintiff in his own behalf, and in behalf of other parties interested in, and entitled to the use of, waters from said creek. The defendant answered. The cause was brought to trial, and a decree entered. A finding of facts was expressly waived by both parties. No motion was made for a new trial, or bill of exceptions settled. The defendant appeals from the decree, and asks this court to set it aside upon two grounds, viz.: *First*, that the complaint does not state a cause of action; *second*, that the decree is erroneous for uncertainty.

As to the first claim, that the complaint does not state a cause of action, the defendant answered the complaint without objection, and we think it is sufficient to give the court jurisdiction. We do not deem it necessary to further

notice this objection, as the case must go back to the district court, where amendments may be allowed.

As to the second claim, that the decree is erroneous for uncertainty, the decree provides for the defendant's rights as follows: "It is therefore ordered, adjudged, and decreed, and the court does hereby adjudge and decree, that defendant shall have the use of one good irrigation stream of water of said Dry Creek sixty hours out of every sixteen days, to be measured out, distributed to him, and his use thereof regulated, by the water master. * * *" The decree gives the balance of the water in the creek to the parties interested other than defendant. A judgment or decree should be in plain and intelligible language, and the property which is the subject of judgment should be described with sufficient certainty to leave its identity free from doubt. *Jones* v. *Belt*, 2 Gill, 106; Freem. Judgm. sec. 50. We think this decree is fatally defective for want of certainty. Looking to the complaint and answer, we see that the parties agreed that the defendant had an interest in the waters of Dry creek. They only disagreed as to the extent of that right, and the court was asked to decree with certainty their respective rights. Respecting the time of use, it has done so, but as to quantity it is still uncertain. What one person might consider a "good irrigation stream" might by another be considered a very poor one. The statute (Comp. Laws 1888, p. 135, sec. 2782) provides as follows: "A right to the use of water may be measured by fractional parts of the whole source of supply, or by such fractional parts with a limitation as to periods of time when used, or intended to be used; or it may be measured by cubic inches, with a limitation as to periods of time when used, or intended to be used; or it may be measured by cubic inches, with a limitation specifying the depth, width, and declination of the water at point of measurement, and, if necessary, with a further limitation as to periods of time when used, or intended to be used." The statute does not affix to the term "irrigation stream" a definite and certain meaning; and we have not been referred to anything, of which this court can take judicial knowledge, that does. The decree should be re-

versed, with costs, and the cause remanded to the district court.

ZANE, C. J., and BLACKBURN, J., and ANDERSON, J., concurred.