(February 24, 1892.)

## BRAMWELL v. GUHEEN, Assessor.

[29 Pac. 110.]

Special Tax by School District—Literal Compliance with Provisions of Statute Required.—1. Where the statute provides for the levying of a special tax by a school district, and prescribes the manner in which such levy must be made, a literal compliance with the requirements of the statute is necessary to the validity of the tax.

Injunction Lies to Restrain Collection.—2. Injunction will lie to restrain the collection of an illegal tax, where it creates a cloud upon title to real estate.

(Syllabus by the court.)

APPEAL from District Court, Bingham, County.

Hawley & Reeves, for Appellant.

If the collection of a tax would lead to a multiplicity of suits or produce irreparable injury, or if the property be real estate, and the tax throws a cloud upon the title of the complainant, a court of equity will interfere by injunction, and prevent the collector from enforcing the collection of the tax. (*Dows v. City of Chicago,* 11 Wall. 110; *Society v. Austin,* 46 Cal. 488; High on Injunctions, sec. 500.)

S. C. Winters, for Respondent.

No brief filed by respondent.

HUSTON, J.—This action was brought by the plaintiff to enjoin the defendant, who is the assessor and tax collector of Bingham county, from collecting a school tax assessed on certain real estate of plaintiff by the board of trustees of school district No. 15 of said county.

The ownership and description of the real estate is set forth in the complaint, as are, also, the facts constituting the claimed illegality of the levy and assessment, and the complaint further alleges that such tax constitutes a cloud upon the title to said real estate of plaintiff, etc. A general demurrer was filed to the complaint, which, after argument, was overruled by the court, the court holding that the complaint stated facts sufficient to warrant the relief prayed for. This ruling was correct, we think.

From this point the case seems to have been heard and determined by "H. W. Smith, *pro tem.* Judge," as he is styled. The case was heard before said *pro tem.* judge without a jury. After hearing the proofs and the argument of counsel, the said judge *pro tem.* rendered his findings of fact, wherein nearly, if not all, the facts are found as set forth in the complaint. The court then finds as conclusion of law "that plaintiff is not entitled to the relief prayed for, or to any relief, in this action; that defendant is entitled to judgment for his costs"—and judgment was thereupon rendered for the defendant and against plaintiff for costs, and from this judgment appeal is taken. His honor, the judge *pro tem.,* also files an opinion, which appears in the record, and from which we learn the grounds upon which he based his conclusions of law and judgment; and it seems he reverses the decision made by the district court upon the demurrer, in

holding that an injunction will not lie to restrain the collection of an illegal tax, where it is alleged that such tax creates a cloud upon title. This question has been so long settled that it does not require the citation of authorities to show the error of the conclusion to which the learned judge *pro tem.* arrived. (1 High on Injunctions, sec. 524, and cases cited in note.) "Where, by statute, a tax deed is made *prima facie* evidence of regularity [as in this state] of all proceedings incident to the assessment and sale, if the tax has been imposed contrary to law, such a cloud upon the title will result as to warrant the interference of equity." (1 High on Injunctions, sec. 525, and cases cited in note 3.) As to the illegality of the tax, the findings of fact of the judge *pro tem.* are quite full, and serve to present us with all the facts essential to be considered in passing upon the question of the legality of the tax, the collection of which is sought to be enjoined.

Subdivision 7 of section 667 of the Revised Statutes of Idaho provides as follows: "They [the trustees] may, by giving ten days' notice in writing, posted in three conspicuous places in their district, call, at any time prior to the second Monday of September, an election of the legal voters of their district, for the purpose of deciding whether or not a special tax, specifying the rate proposed to be collected, which must not exceed ten mills on the dollar of the taxable property, be levied on said district for the building or repairing of schoolhouses or for the support of public schools in the district; and they may appoint two judges and a clerk of said election. The voting at each election must be by ballot, on which ballot must be written or printed 'Tax, yes,' or 'Tax, no'; and none but actual freeholders or heads of families of said district are entitled to vote at such election," etc. The notice of the meeting, as the same appears in the record, is as follows:.

"Notice.

"There will be a school meeting held in the district schoolhouse in the 15th district on May 17, 1890, at 12 o'clock sharp, to take into consideration the voting of a tax of ten mills.

"W. H. DYE,
"Clerk of the Board of Trustees.
"N. W. McMILLAN."

The court then finds that "on the seventeenth day of May, at about fifteen minutes before 12 o'clock, about twenty-five persons assembled at the schoolhouse in district No. 15, pursuant to this. notice of the trustees. W. H. Dye was present, and considerable discussion occurred, but the meeting was not called to order, nor were any officers of any election appointed; and at about half-past 12 all of the persons then present left the room. Immediately afterward, about eight persons came into the room with N. W. McMillan, who called the meeting to order, appointed officers of election, who were duly sworn; and the polls opened at about fifteen minutes to 1 o'clock. The parties present proceeded to vote by ballot upon the question of levying a tax for building a schoolhouse, all present voting in favor of said tax. A certificate in the following form was duly transmitted to the auditor and recorder of Bingham county, and also to the assessor and colector of said county:

"Kaintuck, Bingham county, Idaho, May 17, 1890.

"School-meeting of distdict No. 15 met pursuant to call of trustees, given as per notice posted, to take into consideration the voting of a tax for the purpose of building a schoolhouse. Meeting called to order by Neil W. McMillan, chairman of the board, who, after stating the object of the meeting, appointed Andrew McMillan and Miles R. Cahoon judges of said election; J. C. Brandon, clerk. The amount of the tax next being taken under advisement, it was moved and carried that the rate of tax be ten mills on the dollar, and that said tax be assessed and collected from each property holder in school district No. 15, Bingham county, Idaho, for the year 1890. The vote then being taken, the judges reported as follows, to wit: Tax, yes—eight; tax, no—none. We hereby certify that the above is a true and correct copy of the minutes and proceedings of the meeting called for the purpose of voting a tax for the building of a schoolhouse in district No. 15, Bingham county, Idaho.

          " 'W. H. DYE,
          " 'N. W. McMILLAN,
                 " 'Trustee.'

"The persons voting at the election were all legal voters in said school district, and householders or heads of families there-

in." Other findings of fact were made; but, as they are not essential in the consideration of the case, we omit them.

Where the statute provides for the levying of a special tax, all the requirements of the statute in regard to the making of such levy must be strictly followed. (Burroughs on Taxation, 396, and cases cited; Cooley on Taxation, 334 et seq.) The notice was not for an election, but for a meeting "to take into consideration the voting of a tax of ten mills." Nothing is said in the notice as to the purpose for which the tax is to be raised, nor is there anything said in the notice about an election. Twenty-five persons met at the place and at the time indicated, and informally talked and discussed the subject; and this seems to have been all that was contemplated by the notice "to take into consideration the voting of a tax of ten mills." Having, as they doubtless thought, sufficiently considered the matter, they dispensed. Thereafter eight other persons convened at the same place, organized a meeting, appointed officers of election, and proceeded to hold what is claimed to have been an election. The court finds that a vote was taken by ballot, but this finding is not sustained by the record of the meeting. The certificate of the trustees states "that it was moved and carried that the vote of tax be ten mills on the dollar"; and, further on, "the vote then being taken, the judges reported as follows, to wit: Tax, yes—eight; tax, no—none." It does not appear that any vote by ballot was taken. While, in considering the acts of boards and meetings of this character, considerable latitude should be given, in this case there was such a complete disregard of the plain provisions of the statute as to make it imperative upon the court to hold the proceedings to levy the tax in question invalid, and the tax levied thereunder void.

We desire here to call the attention of the judges of the district courts and the members of the legal profession to the fact that section 12 of article 5 of our constitution does not authorize the appointment of a nonresident of the state as judge *pro tem.*

The judgment of the district court is reversed, and the cause remanded, with instructions to enter judgment in accordance with opinion. Costs to appellant.

Sullivan, C. J., and Morgan, J., concur.