[No. 1413.]

JAMES AUTHORS, PLAINTIFF AND APPELLANT, *v.* ELIZABETH BRYANT, ALLEN BRYANT, SHERMAN BRYANT, EUPHEMIA BRYANT AND Z. BRYANT, DEFENDANTS AND RESPONDENTS.

1—PRESCRIPTION—TITLE BY—PLEADING, WAIVER.—Where, by the language of an answer, it was evidently intended to set up a prescriptive title in defendants, and the cause is tried without objection to its sufficiency, all objections to it have been waived.

2—WATER—IRRIGATION—DECREE CONCERNING.—No subject is perhaps so prolific of controversies as the right to the use of water for irrigation purposes by different claimants, and a decree concerning it should be as certain as the use of language can make it.

3—PRESCRIPTION—DEFENSE OF—PROOF.—In order to establish a right by prescription to the use of water, the claimant's use and enjoyment thereof, must have been uninterrupted, adverse, under claim of right and with the knowledge of the owner.

4—FINDINGS CONTRADICTORY.—Contradictory findings upon a material issue will not support a judgment.

APPEAL from judgment and order overruling motion for a new trial from District Court, Ormsby county; *A. E. Cheney*, District Judge, presiding:

The facts are sufficiently stated in the opinion.

*Robert M. Clarke*, for Appellant:

. This action is to try the right to the waters of Mill Station creek, and for an injunction to prevent future diversion. The complaint alleges ownership and right of use in plaintiff, by appropriation made in 1860. The answer denies plaintiff's ownership, and alleges ownership and right of use in defendants Elizabeth Bryant and Euphemia Bryant, by appropriation, made in 1860, and "that ever since said date, up to the.

time of commencing this action, defendants and their grantors have maintained and used said ditch and the water appropriated as aforesaid, which flows therein, continuously, notoriously and without hindrance or molestation from the said plaintiff, and the whole world." The court decides that defendant " for five years used the water flowing to the house and across the road to the orchard of defendants, and that the mere disputing of the right to such use does not prevent the bar of the statute." The court finds " that the defendants, for a period of five years immediately preceding the commencement of this action, used adversely to the plaintiff and all others the waters flowing from Mill Station creek through a flume or ditch to the house of the defendants and thence across the road to the orchard of the defendants." The court also finds that, on or about the year 1860, the grantor of plaintiff claimed, diverted and appropriated the water of said Mill Station creek for the irrigation of plaintiff's land, and that said water is necessary for the irrigation of plaintiff's land. Also, that " at times during the irrigating season there is a large flow of water in said creek and more than defendants use or require, and at times during each year plaintiff and his grantors have used the water of said stream for irrigating plaintiff's land." The court also finds that in May, 1892, plaintiff claimed and demanded the water of defendants and objected to their use of it, and at that time turned the water out of their ditch and took it away from them, but defendants immediately turned the water back into defendants' ditch.

The allegations of the answer taken as true, and the original findings and decision upon the question of prescription, are insufficient to support the decree. The facts pleaded and found do not constitute a title by prescription in favor of defendants. It is not sufficient to raise the presumption of grant that defendants used the water adversely to plaintiff and others for five years immediately preceding the commencement of the action. Such use must not only have been adverse; it must also have been under claim of right or title, peaceable, with the knowledge of plaintiff, exclusive and uninterrupted. (Angell on Watercourses, secs. 201, 205; Gould on Waters, secs. 334, 337, 338; 90 Ill. 339; 47 N. H. 78; 38 N. Y. 11; 59 Me. 437; 37 Vt. 310; 62 Me. 445; 10

Allan, 444; 45 Cal. 511; 71 Cal. 458, 459; 85 Cal. 226.) The use was not continuous or exclusive. (Angell on Water-courses, sec. 205.)

The claim, notice, objection and conduct of plaintiff made, given and committed in May, 1888, were sufficient to stop the statute and break and defeat defendants' right of pre-script. Plaintiff's conduct challenged and denied defendants' right, and was sufficient to negative the presumption of a grant. The objection and verbal protest of plaintiff set out in additional finding are sufficient. (90 Ill. 339; 24 Gratt. 74; *Tyler* v. *Wilkinson,* 4 Mason, 397; *Pierce* v. *Cloud,* 42 Pa. St. 102; *Powell* v. *Bragg,* 8 Gray, 441; *Tracy* v. *Atherton,* 36 Vt. 514; Angell on Watercourses, sec. 211; *White* v. *Chapin,* 12 Allan, 519; *Smith* v. *Miller,* 11 Gray, 145; *Pollard* v. *Barnes,* 2 Cush. 191.)

The enjoyment must be exclusive. (*Davis* v. *Brigham,* 29 Me. 391, 403; *Kilburn* v. *Adams,* 7 Metcalf, 33.) But, if mere words are not sufficient, plaintiff actually interrupted defendants' use, actually turned the water out of and away from defendants' ditch. This is sufficient to defeat the pre-sumption of grant, according to *all* the cases.

*William Woodburn* and *Alex. J. McGowan,* for Respondent:

The proof establishes an adverse user for five years of the water flowing to the house and across the road to the orchard. The mere disputing of the right to such use does not prevent the bar of the statute. (*Cox* v. *Clough,* 11 Pac. Rep. 732.)

The proof having been submitted upon the statement in open court that the issue was as to the prescriptive right of defendants and no objection made to the proof when offered, the sufficiency of the answer cannot now be considered.

Rights to the use of water become fixed after five years' adverse enjoyment of the same. (*Crandall et al.* v. *Woods et al.,* 8 Cal. 136; *Leigh & Co.* v. *Independent Ditch Co.,* 8 Cal. 323; 2 Washburn's Real Property, 319, 320; 27 Cal. 361.)

By the Court, MURPHY, C. J.:

This is an action to try the right to the use of the waters of Mill Station creek, and for an injunction to prevent the

future diversion of the same.    Judgment went for the defendants, from which plaintiff appeals.

The complaint alleges ownership of the water through an appropriation made by plaintiff's grantor in the year 1860 for the irrigation of certain lands.    The answer denies the plaintiff's ownership and appropriation, and alleges owner-ship in the defendants through an appropriation made by their grantors in the year 1860 for the irrigation of certain lands now belonging to them, and that ever since that date, up to the time of the commencement of the action, they and their grantors have used the water so appropriated " continuously, notoriously, and without interruption, and without hindrance or molestation from the said plaintiff and to the whole world."    By this language it was evidently intended to set up a prescriptive title in the defendants, and, the cause having been tried without objection to its sufficiency, all objections to it have been waived.

The court found:   " First, that the defendants, for a period of five years immediately preceding the commencement of this action, used, adversely to the plaintiff and all others, the water flowing from Mill Station creek through a flume or ditch to the house of the defendants, and thence across the road to the orchard of the defendants; second, that the answer of the defendants alleging a prescriptive title is suffi-cient, no objection having been made to the proof of pre-scription when offered by defendants."    As a conclusion of law from these findings, the court found " that the defendants are entitled to the sole use of the water flowing from Mill Station creek to the house of defendants, Elizabeth Bryant and Euphemia Bryant, and thence across the road to the orchard of defendants," and a decree was entered accordingly.

We would first call attention to the fact that the decree nowhere fixes the amount of water awarded to the defend-ants, nor whether it is all, or less than all, of it, but only that it is the amount flowing from the creek to the house of defendants, and thence across the road to the orchard.    This is so indefinite that it would in all probability simply lead to future litigation.    No subject is, perhaps, so prolific of controversies as the use of water by different claimants for irrigation purposes, and a decree concerning it should be as certain as the use of language can make it.    After the rendi-

tion of the above judgment, the plaintiff's counsel requested additional findings, five of which were allowed and approved by the court, and which read as follows: "(1) On or about the year 1860 the grantor of plaintiff claimed and appropriated the water of said Mill Station creek, and the whole thereof, for the irrigation of the land of plaintiff described in the complaint, and said water, and the whole thereof, was necessary, and is now necessary, for the irrigation of plaintiff's land and the crops growing thereon. (2) That the grantors of plaintiff diverted the water of said stream, and the whole thereof, from the natural channel of said stream by means of a dam, and conducted the same to the lands of plaintiff, through and by means of ditches, for the irrigation of said land." "(4) That in the month of May in the year of 1892, while the defendants were using the water of said stream for the irrigation of said trees, plaintiff objected, and forbade them to use it, and claimed and demanded the water, which claim and demand defendants disputed and denied. (5) That in the month of May, 1892, and at the time mentioned in finding No. 4 preceding, plaintiff turned the water out of the ditch being used by defendants, and away therefrom, and into the channel of said Mill Station creek, and the same was immediately turned back into defendants' ditch by defendants. (6) That at times during the irrigating season there is a large flow of water in said Mill Station creek, and more than defendants use or require, and at times during each year plaintiff and his grantors have used the water of said stream for irrigating plaintiff's land."

Appellant claims that additional findings Nos. 4 and 5 conflict with finding No. 1, and that, upon all the findings, judgment should have been rendered for plaintiff. We are of the opinion that this point is well taken. Apparently, the decree is based entirely upon five years' uninterrupted adverse use of the water by defendants immediately preceding the commencement of the action, which was June 8, 1892. But, without determining whether the mere fact that the plaintiff disputed their right to the use of the water is sufficient to prevent the statute from running, finding No. 5 shows an actual physical interruption of that use in May, 1892. This, we think, was certainly such an interruption as to prevent the creation of a title by prescription during that

time. In order to establish a right by prescription to the use of water claimed by another, the use and enjoyment must have been uninterrupted, adverse and under a claim of right, and with the knowledge of the owner. As said in the case of *Land & Water Co.* v. *Hancock,* 85 Cal. 226: " This right becomes fixed only after five years' adverse enjoyment; and, to have been adverse, it must have been asserted under claim of title, with knowledge and acquiescence of the person having the prior right, and must have been uninterrupted. In order to constitute a right by prescription, there must have been such an invasion of the rights of the party against whom it is claimed that he would have ground of action against the intruder. To be adverse, it must be accompanied by all the elements required to make out an adverse possession; the possession must be by actual occupation, open, notorious and not clandestine; it must be hostile to the other's title; it must be held under claim of title, exclusive of any other, as one's own; it must be continuous and uninterrupted for the period of five years."

In *Cave* v. *Crafts,* 53 Cal. 138, the court uses this language: " The use," says Wood in his Law of Nuisance, " must also be open and as of right, and also peaceable; for if there is any act done by other owners that operates as an interruption, however slight, it prevents the acquisition of the right by such use."

The testimony introduced on the trial of this case does not meet the above requirements, and establish a title by prescription in the defendants. The court found (and the evidence supports the finding) that about the year 1860 the grantor of the plaintiff appropriated all the water of Mill Station creek for irrigating the land of plaintiff; that it was then, and is now, necessary for the irrigation of plaintiff's land and the crops growing thereon. There is evidence of the fact, and the court so finds, that in the month of May, 1892, while the defendants were using the water, plaintiff objected, and forbade them to use it, and turned the water out of the ditch used by the defendants, and into the channel of the creek; and, after the plaintiff had returned to his own place, the defendants turned the water into their ditch again.

The complaint in this action was filed in the district court on the 8th day of June, 1893. In the first finding the court

found "that the defendants, for a period of five years immediately preceding the commencement of this action, used adversely to the plaintiff and all others, the water flowing from Mill Station creek;" and in the fourth and fifth findings the court found "that in the month of May, 1892, the plaintiff objected, and forbade the defendants the use of the water, and turned the water out of the ditch being used by the defendants, and away therefrom, and into the channel of said Mill Station creek." The defendants' right to the water was denied by the plaintiff some thirteen months before the commencement of this action, and their use of the same interrupted by his turning the water out of their ditch, and into the channel of the creek above the dam.

No judgment could be entered in favor of the defendants upon such contradictory findings. When findings are directly antagonistic, we cannot say that either finding is correct, or which is correct.

Judgment and order denying a new trial reversed, and cause remanded for a new trial.