(February 6, 1912.)

# ARCHIE R. LEE and SARAH E. LEE, Respondents, v. ROY HANFORD, Appellant.

[121 Pac. 558.]

APPROPRIATION OF WATER—FINDINGS—DECREE—CERTAINTY.

(Syllabus by the court.)

1. In an action to quiet title to water appropriated from a public stream in this state, where the issue joined is one of priority, the court should find the actual appropriation made by each appropriator, giving the time the appropriation was made and the quantity of water appropriated to a beneficial use by each appropriator.

2. The quantity of water decreed to an appropriator, in an action wherein the priority of appropriation is the issue, should be upon the basis of cubic feet per second of time of the water actually applied to a beneficial use, and should be definite and certain as to the quantity appropriated and necessarily used by the appropriator.

3. In an action to quiet title to water appropriated, when the issue to be determined is as to the priorities of different appropriations, and the trial court makes a finding in said cause that "L. has appropriated all the waters flowing in the stream," such finding will be set aside upon appeal because of its indefiniteness and uncertainty, and the trial court will be directed to make new findings as to the appropriation of each appropriator, describing the water appropriated by each appropriator in cubic feet per second of time, and to enter a decree in accordance with such finding.

APPEAL from the District Court of the Fourth Judicial District for Elmore County. Hon. Alfred Budge, Judge.

An action to quiet title to water. Judgment for plaintiff. *Reversed.*

J. G. Hedrick, for Appellant, cites no authorities.

McFadden & Brodhead, for Respondents.

The transcript (bill of exceptions) does not contain any exception to the decision of the court upon the ground of the

insufficiency of the evidence or upon any other ground. Chap. 119, Sess. Laws 1911, amending sec. 4434, Rev. Codes, does not modify or change the requirement that the transcript must contain the specifications wherein it is alleged that the evidence is insufficient, or wherein the court erred. (*Later v. Haywood,* 14 Ida. 45, 93 Pac. 374; *Humphrey v. Whitney,* 17 Ida. 23, 103 Pac. 389.)

STEWART, C. J.—This is an action to determine the right of the plaintiffs to the waters of Blackman's Gulch creek in Elmore county, Idaho. The plaintiffs allege the ownership of 160 acres of land, and that they and their predecessors in interest appropriated and applied to a beneficial use in irrigating said land during the irrigation season water in an amount not in excess of 160 miner's inches, and that all of the waters of said creek are necessary for the proper irrigation of said land; and demand that they be adjudged all of the waters flowing in said stream, and that the defendant be enjoined from interfering therein. The defendant answers and denies the plaintiffs' prior appropriation, and also denies the use by plaintiffs of water upon plaintiffs' land, and denies that the stream during the irrigation season flows water to the amount of 160 inches, or greater than 50 inches; denies that the defendant wrongfully and unlawfully diverted the waters of said stream or in any way interfered with the plaintiffs' ditches, or that plaintiffs had any ditches, and denies the plaintiffs' right to the use of any water from said stream, and denies that plaintiffs had any land in cultivation, and damages.

The defendant also filed a cross-complaint in which he alleges that upon the 5th day of June, 1908, he made application to the state engineer for permit to divert 54/60 cubic feet per second of the waters of Blackman's Gulch creek for the purpose of irrigating 320 acres of land, and that during the year 1908, by means of canals, he diverted the waters of said stream to the point described in the permit, and conducted the same upon said land, and made proof to the engineer of the completion of the diversion, and that the state engineer issued to the defendant a water license for the use of said water; that he takes the water from said stream at a

point about one mile up the stream from plaintiffs' land; that he has a valid existing water right entitling him to the use of the water of said stream; that the plaintiffs have no right whatever to the use thereof, and prays that his right to the use of the waters of Blackman's Gulch creek may be declared superior to the right of the plaintiffs to the use of said water.

Upon the issues thus formed the trial court found that the evidence was irreconcilable and conflicting, and from such evidence found that plaintiffs and their predecessors in interest have been since May, 1896, and now are, the owners of 160 acres of land; that during the year 1901 the predecessors of plaintiffs, by means of ditches and dams, diverted all the waters of Blackman's Gulch creek in Elmore county, Idaho, for the use of irrigating said land, and that all of the water from said creek has been used on said land for irrigating the same since 1901, except when defendant interfered with the use of the same, and that all of the waters of said creek are necessary for the proper irrigation of said land; that during 1908 the defendant diverted the waters from said creek to his own use and claimed an interest in the waters thereof, adverse to the plaintiffs.

Upon the findings thus made the court entered a judgment and decreed that the plaintiffs have the right to the use of all the waters of Blackman's Gulch creek in Elmore county, Idaho, for irrigating and domestic use upon 160 acres of land, and that the defendant has no right, title or interest therein or any part thereof; and that the defendant should be restrained and enjoined from in any way interfering with the plaintiffs' rights, and for costs. From this judgment this appeal was taken.

Upon the hearing of this case a motion was made to strike from the record certain parts of the transcript. The questions raised by this motion were recently disposed of by this court in the case of *Kelley v. Clark, ante,* p. 231, 121 Pac. 95, and for the reasons therein stated the motion is overruled.

The evidence in this case is very conflicting as stated by the trial judge, and the view we take of the findings and decree renders it unnecessary to review such evidence.

The issue made by the pleadings in this case is, the priority of the appropriation, and the quantity of water so appropriated by each, as between the plaintiff and the defendant, of the waters flowing in Blackman's Gulch creek. The court finds that the plaintiffs are entitled to all the waters of Blackman's Gulch creek by reason of being prior appropriators thereof, and the application of the same to a beneficial use. These findings and also the decree are indefinite and ineffectual. The constitution of this state, as well as the statute, provides that "priority of appropriation shall give the better right as between those using the water." (Const., art. 15, sec. 3; Rev. Codes, sec. 3245; *Malad Valley Irr. Co. v. Campbell*, 2 Ida. 411 (378), 18 Pac. 52; *Bramwell v. Guheen*, 3 Ida. 348, 29 Pac. 110; *Kirk v. Bartholomew*, 3 Ida. 367, 29 Pac. 40.)

Rev. Codes, sec. 3241, prescribes the measurement of water as "a cubic foot of water per second of time shall be the legal standard for the measurement of water in this state"; this statute is the measurement of water which should be recognized by the court in entering a decree of distribution, and in this case the court should have found the date of the appropriation of the respective parties to this suit and the quantity appropriated and beneficially used by each of such parties, and determined such question by the measurement provided by the statute. Findings and decree, which give to an appropriator of water from a public stream all of the waters of the stream, where the evidence shows that the flow of such stream varies between four and one thousand inches, according to the seasons of the year, and where the evidence shows that the appropriator has under irrigation only about fifty or sixty acres, decree to such appropriator more water than is necessary for the beneficial use of such appropriator. Common experience and observation in this arid country clearly demonstrate that such would be a waste and misappropriation, rather than a beneficial use as required by the constitution and statute. The fact that during the irrigating season there is no more water flowing in the stream than can be carried through respondents' ditches and is necessary for

respondents' use, while at other seasons of the year there flows in said stream more water than respondents' ditches will carry, and more than is necessary for respondents' use, is not a reason why the respondents should be decreed all of the waters flowing in said stream at all times and seasons of the year, but is a reason why the respondents should be limited to the appropriation made by them through their ditches and applied to a beneficial use during the irrigating season of the year, and that the excess of flow during such times, when such excess is not required or used by the respondents, should be recognized as unappropriated water, subject to appropriation. If the appellant in this case made an appropriation as alleged in his answer and the proof sustains such allegations, and he constructed works, reservoirs or canals to carry the same to his land, and he is prepared to apply said water to a beneficial use, then in the decree he should be adjudged the right to such water, subject to the prior right of the respondents. To say that the respondents are entitled to all the waters that flow in the stream, when there is more water flowing at some seasons of the year than respondents are able to divert and apply to a beneficial use, would deny the right of appropriation by any other person, notwithstanding the fact that the respondents were not diverting or applying the excess to a beneficial use. Many of the smaller streams extending into the mountains from the valleys of this state become dry during a portion of the irrigation season and supply no water whatever, and at other seasons of the year the flow in such streams is increased to a large volume, and when this is true, the excess flow of water is subject to appropriation and use by anyone who can divert such waters and who will apply the same to a beneficial use. Such surplus waters and overflow may be collected and stored in reservoirs and there conserved, and may be used by persons who make such storage and conservation under an appropriation and application to beneficial use, subsequent to that of prior appropriators. The decree should not limit the appropriation to the water flowing in the stream at low-water season. But under the rule announced in the findings and decree in this case, that

could not be done, and such surplus and overflow of water would be wasted, and would be of no avail whatever, and the right to appropriate public unused waters of the state would be denied. The decree in this case is uncertain, and ineffectual because of such uncertainty, and fails to decree the waters involved in this case in accordance with the actual appropriation made. (*Nephi Irr. Co. v. Vickers,* 15 Utah, 374, 49 Pac. 301; *Authors v. Bryant,* 22 Nev. 242, 38 Pac. 439; *Logan v. Guichard,* 159 Cal. 592, 114 Pac. 989; Wiel on Water Rights, sec. 639.)

It is apparent from the findings and decree in this case that the court failed to take into consideration the quantity of water actually and beneficially applied by the plaintiffs, or the construction of works and canals by the defendant for the purpose of appropriating and applying water in excess of the respondents' appropriation, and that a new trial should be granted and these matters should be determined by the trial court. To ascertain these facts, if the court or counsel are of the opinion that further testimony should be introduced in the case, then the court may permit further testimony to be offered by counsel, to aid in determining the exact quantity of water which should be adjudged to the parties to the action. The judgment of the court is therefore *reversed,* and the trial court is directed to make findings in accordance with this opinion, and in case either party to the suit desires to introduce further testimony upon the particular questions referred to by this court in this opinion, or the trial court desires further testimony, he may order the parties to produce the same, and the final decree thereafter should be entered accordingly. Costs awarded to appellant.

Ailshie, J., concurs; Sullivan, J., concurs in the conclusion.