(May 26, 1921.)

## E. K. HAYES, Appellant, v. A. A. FLESHER and SARAH C. FLESHER, Respondents.

[198 Pac. 678.]

PLEADING AND PRACTICE—WATER AND WATER RIGHTS—MUTUAL MIS-TAKE—DEEDS—INDEFINITE DESCRIPTION.

1. Permission to amend an answer during the progress of the trial is within the sound discretion of the trial court.

2. In proper cases, defendant in an action may allege mutual mistake as a defense without praying for reformation of the instrument.

3. The evidence to establish a mutual mistake must be satisfactory, clear and convincing.

4. Where the grantor in a deed has received the consideration therefor, the instrument should be construed most strongly against him and be upheld, if it can be done, by a reasonable construction of its terms. Parol testimony may be introduced to explain an ambiguity or uncertainty in a deed.

5. Where a contract for conveyance of land contains, as part of the description, "a perpetual right to take sufficient water from the ditches and laterals of the grantors adjacent and near thereto for the irrigation" of the land conveyed, it is incumbent upon the grantees claiming under such conveyance to show exactly what was intended by the provision for a water right, and that they had not exceeded their rights under such contract.

APPEAL from the District Court of the Seventh Judicial District, for Gem County. Hon. Ed. L. Bryan, Judge.

Action to enjoin interference with irrigation water. Judgment for defendants. *Reversed and remanded.*

J. P. Reed, for Appellant.

Where a party to an action, either plaintiff or defendant, sets out and pleads an instrument, he is not entitled to produce oral evidence that there was a mutual mistake in its execution unless he seeks to reform or rescind that instrument, and lays by proper allegations the foundation for such

reformation or rescission. (*Van Horn v. Van Horn,* 49 N. J. Eq. 327, 23 Atl. 1079; *Van Syckel v. Dalrymple,* 32 N. J. Eq. 233; *Follett v. Heath,* 15 Wis. 601; *Lombard v. Cowham,* 34 Wis. 486; *Frost v. Brigham,* 139 Mass. 43, 29 N. E. 217; *Pierson v. McCahill,* 21 Cal. 122.)

The proof in such a case "should be so clear and convincing as to leave no room for doubt." (*Cox v. Woods,* 67 Cal. 317, 7 Pac. 722.)

A deed, when executed and delivered, is a written contract; and the acceptance of the deed is the consummation of the written contract. (13 Cyc. 519–521, 572, and cases cited.)

A party will not be relieved of a contract on the grounds of mistake when it was in his power to have a stipulation inserted that would have fully protected him. (*Jensen v. McConnell Bros.,* 31 Ida. 87, 169 Pac. 292; 1 Elliott on Contracts, p. 110.)

Neither party was entitled to a jury. The special findings of the jury were advisory only. It was within the discretion of the trial court to reject or adopt any findings, or to prepare entirely independent findings. (*Brady v. Yost,* 6 Ida. 273, 55 Pac. 542; *Pritchard v. Butler,* 4 Ida. 518, 43 Pac. 73; *Gordon v. Lemp,* 7 Ida. 677, 65 Pac. 444; *Curtis v. Kirkpatrick,* 9 Ida. 629, 75 Pac. 760; *Fairview Investment Co. v. Lamberson,* 25 Ida. 72, 136 Pac. 606; *Houser v. Austin,* 2 Ida. 204, 10 Pac. 37.)

Finley Monroe, for Respondents.

Where through mistake of the parties an essential element of the contract is omitted and thereby the contract fails to express the intent of the parties, in courts of equity parol evidence is admissible to prove such mistake. (*Phoenix Fire Ins. Co. v. Hoffheimer,* 46 Miss. 645, 658; *Cook v. Sterling Electric Co.,* 150 Fed. 766, 80 C. C. A. 502; *Gottfried* v. *Bray,* 208 Mo. 652, 106 S. W. 639; *El Dia Ins. Co. v. Sinclair,* 228 Fed. 833, 143 C. C. A. 231; *Stewart v. Blue Grass Canning Co.,* 133 Ky. 118, 117 S. W. 401; *McLaughlin v. Leonhardt,*

113 Md. 261, 77 Atl. 647; *Greiner v. Swartz,* 167 Iowa, 543, 149 N. W. 598.)

Amendments of pleadings rests largely in the discretion of the court, and unless the exercise of such discretion deprives the complaining party of some substantial right, the action of the trial court will not be disturbed. (*Idaho Placer Mining Co. v. Green,* 14 Ida. 294, 94 Pac. 161; *Small v. Harrington,* 10 Ida. 499, 79 Pac. 461; *Mantle v. Jack Waite Min. Co.,* 24 Ida. 613, 135 Pac. 854, 136 Pac. 1130; *The Mode v. Myers,* 30 Ida. 159, 164 Pac. 91; *Dunbar v. Griffiths,* 14 Ida. 120, 93 Pac. 654; C. S. 6726.)

"Under proper pleadings the defendant may have the mistake corrected in the same proceedings by showing the actual agreement; this is especially true in those states where the modern system of pleadings has been adopted." (Jones, Evidence, p. 550; *Bradford v. Union Bank,* 13 How. (U. S.) 57, 14 L. ed. 49, see, also, Rose's U. S. Notes; *Quinn v. Roath,* 37 Conn. 16; *McComas v. Easley,* 21 Gratt. (Va.) 23; *Chambers v. Livermore,* 15 Mich. 381; *Murphy v. Rooney,* 45 Cal. 78.)

The special findings of a jury in an equity case being merely advisory, instructions given or refused by the court are immaterial and will not be reviewed on appeal. (*Kelly v. Perrault,* 5 Ida. 221, 48 Pac. 45; *Daly v. Josslyn,* 7 Ida. 657, 65 Pac. 442; *Gordon v. Lemp,* 7 Ida. 677, 65 Pac. 444; *Danielson v. Gude,* 11 Colo. 87, 17 Pac. 283; *Branger v. Chevalier,* 9 Cal. 353.)

RICE, C. J.—This action was brought by appellant to enjoin respondents from using irrigation water and interfering with irrigation ditches situate upon lands belonging to the wife of appellant and controlled by him. The irrigation water is represented by shares of capital stock of the Last Chance Ditch Company, a corporation, the certificates of stock being held by appellant as his separate property. On March 17, 1917, appellant and his wife, by warranty deed, conveyed to Sarah C. Flesher, one of the respondents, about an acre of land out of said tract, the deed containing

no mention of water or water rights. By agreement of the parties made at the time of the conveyance, appellant removed the ditch connected with his system of laterals from the acre tract so conveyed. Subsequent to the conveyance the respondents constructed a ditch from the laterals of appellant to the acre of land, and during the irrigation season of 1917, and thereafter, took from appellant's laterals sufficient water to irrigate the acre tract. The testimony showed that they irrigated about once every two weeks, taking a sufficient amount of water to irrigate the tract in about two hours' time. The court found that they exercised due care in conducting their irrigation, and did not permit water to overflow the lands controlled by appellant.

In their answer as originally filed, respondents set up by way of defense that appellant and his wife sold to them, for a valuable consideration, "one acre of land with the perpetual right to take sufficient water from said ditches and laterals adjacent and near thereto for the irrigation thereof." During the trial, respondents were granted permission by the court to amend their answer by setting up the following additional matter: "That by mutual mistake of the parties the right to the use of said water for said land was omitted from the deed of conveyance."

A jury was impaneled by the court to advise on special issues of fact. At the conclusion of the trial, the court filed its decision and entered judgment denying the prayer of the complaint for an injunction. The appeal is from the judgment.

It appears to be conceded that the deed as originally executed did not carry with it any water right as appurtenant to the land.

Appellant's first specification of error is that the court erred in permitting respondents to amend their answer during the progress of the trial. We think the court did not abuse its discretion in permitting the amendment. (*The Mode, Ltd., v. Myers,* 30 Ida. 159, 164 Pac. 91.)

The next specification of error is to the effect that the amendment as made did not justify the introduction of parol testimony for the purpose of proving a mutual mistake in the execution of the deed, for the reason that respondents had not laid a proper foundation in that they had failed to ask for a reformation of the deed. In proper cases a defendant in an action may allege mutual mistake as a defense without praying for reformation of the instrument. (*Udelavitz v. Ketchen,* 33 Ida. 165, 190 Pac. 1029.) The evidence necessary to establish mutual mistake in such cases is the same as though a reformation of the instrument were prayed for. The proof must be satisfactory, clear and convincing. (*Udelavitz v. Ketchen, supra.*)

The court instructed the jury that the burden rested upon the respondents to prove their affirmative allegations by a preponderance of the evidence. This instruction may indicate the standard adopted in making the subsequent findings, but whether it does or not, we cannot say from a review of the proof offered by respondents that the court did not find the proof of mutual mistake to be clear and convincing. This court would not be justified in holding that the evidence was insufficient to sustain the findings of the court in that respect. The court's finding in this matter was to the effect that Elsie Wardell Hayes, wife of appellant, sold respondents a one-acre tract of land, describing it, for $425, "with a perpetual right to take sufficient water from aforesaid ditches and laterals of the plaintiff adjacent and near thereto for the irrigation of said acre of land."

The fifth finding is as follows: "That it was the intention of plaintiff and defendants to include in said deed a conveyance of said water right for said land bought by the defendants, but that the same was omitted from the deed."

The court did not find that the omission was occasioned through mutual mistake of the parties. However, if it was the intention of appellant and respondents to include a description of the water right in the deed, and it was omitted therefrom, it seems to follow inevitably that the omission

was through the mutual mistake of the parties. Appellant in his brief states "if it was the intention of plaintiff and defendant to include the conveyance of water right in the deed, then the failure to include such water right must of necessity have been the result of a mutual mistake."

We conclude that the relationship of the parties to this action is the same as if the deed had, in addition to the description of the land, contained the following: "With perpetual right to take sufficient water from the ditches and laterals of the grantors adjacent and near thereto for the irrigation of said acre of land."

Having reached this conclusion, several questions immediately arise. First, does this conveyance of a water right carry with it a right of way for a ditch over the lands of appellant leading from his laterals to the one-acre tract of land, and if so, where is such ditch to be located? Second, What is a sufficient amount of water for the irrigation of the one-acre tract? Third, does the agreement between the parties call for sufficient water to be furnished in a continuous flow, or could respondents take what they considered a reasonable irrigation stream whenever they desired to irrigate?

We make no mention of the matter of maintenance of canals, payment of assessments for upkeep and expenses, or the transfer of shares of stock in the company, for it is conceivable that the grantors might have intended to convey a water right without express obligation on the part of the grantees to pay maintenance charges or upkeep.

Numerous authorities may be found holding that in suits to establish priorities of water rights, a decree which enjoins interference with a "sufficient amount" to irrigate a tract of land, or providing that the party shall be entitled to a "good irrigation stream," or decrees containing similar provisions, are void for indefiniteness. (*Walsh v. Wallace,* 26 Nev. 299, 99 Am. St. 692, 67 Pac. 914; *Smith v. Phillips,* 6 Utah, 376, 23 Pac. 932; *Steinberger v. Meyer,* 130 Cal. 156, 62 Pac. 483; *Powers v. Perry,* 12 Cal. App. 77, 106 Pac.

595; *Lee v. Hanford,* 21 Ida. 327, 121 Pac. 558; 3 Kinney on Irrigation & Water Rights, sec. 1558 et seq.; Long on Irrigation, sec. 226.)

However, a deed, especially where the grantor has received the consideration, should be construed most strongly against him and be upheld, if it can be done, by a reasonable construction of its terms. Parol testimony may be introduced to explain an ambiguity or uncertainty in a deed. (*Hays v. Buzard,* 31 Mont. 74, 77 Pac. 423; *Bullerdick v. Hermsmeyer,* 32 Mont. 541, 81 Pac. 334; *Fayter v. North,* 30 Utah, 156, 83 Pac. 742, 6 L. R. A., N. S., 410.)

The decree as entered has the effect of permitting respondents to enter upon the lands of appellant and construct a ditch wherever they may choose, and take from appellant's laterals what they consider a proper irrigation stream whenever they desire to irrigate their land, provided they use reasonable care and do not permit water to overflow the lands of appellant. We do not think such a decree can be permitted to stand. Having alleged that, through mutual mistake, the deed which they accepted failed to represent the contract between the parties, respondents must show exactly what the contract was and that they had not exceeded their rights under such contract.

This court cannot at this time undertake a construction of the deed, for the proper solution of the questions suggested above requires additional findings. It may be that additional evidence can be adduced in aid of the construction of the deed. When all the evidence has been adduced, unless it is found that the minds of the parties failed to meet upon matters essential to the formation of any contract, the court must make such findings as will result in a determination of the actual rights of the parties.

Appellant also complains of the court's action in refusing to give certain instructions requested by him, and specifies as error the giving of certain instructions. Since however, the jury was called only in an advisory capacity, and their findings are not binding upon the court and cannot relieve

the court from the necessity of making its own findings, the action of the court in giving or refusing instructions will not be reviewed. (*Kelly v. Perrault,* 5 Ida. 221, 48 Pac. 45; *Daly v. Josslyn,* 7 Ida. 657, 65 Pac. 442; *Gordon v. Lemp,* 7 Ida. 677, 65 Pac. 444.) When the matter reaches this court on appeal, the question always is whether the evidence is sufficient to justify the findings of the court.

The judgment will be reversed and the cause remanded for further proceedings. Costs awarded to appellant.

Budge, McCarthy, Dunn and Lee, JJ., concur.