(No. 5852. February 7, 1933.)

CATHERINE M. GILE, IRVIN PAYNE and OLIVER PAYNE, Respondents, v. JAMES LAIDLAW and MRS. JAMES LAIDLAW, His Wife, and HARMON WATKINS, Appellants.

[20 Pac. (2d) 215.]

Roy Van Winkle, Sullivan & Sullivan and L. M. Bresnahan, for Appellants.

A. F. James, for Respondents.

GIVENS, J.—Respondents, appropriators themselves, or successors thereto, of water from Little Wood River, with priorities determined in or by proceedings supplementary to *Frost et al. v. Alturas Water Co. et al.*, wherein a decree was entered in the district court of the fourth judicial district, Lincoln county, December 13, 1909, brought this action to have the portion of the decree therein (Plaintiffs' Exhibit C, page 22, first paragraph[1]) to the effect that Mul-

---

[1] "That the users of water from the so-called dry streams, to-wit: Breck's Creek, Bullion Creek, Burgess Creek, Camp Creek, Chimney Creek, Corral Creek, Cow Creek, Croy Creek, Deer Creek, Dry Creek, Dyer Creek, Early Creek, Elk Creek, Greenhorn Creek, Guy Hollow, Hix's or Boardman's or Sheep Creek, Indian Creek, Lansing Creek, Little Deer Creek, Little Wood River above its junction with Silver Creek, Minnehaha Creek, Monumental Creek, Muldoon Creek, Rock Creek, Smidt Creek, Soldier Creek, Spring Creek, Three Mile Creek or Four Mile Creek, Upper Malad River, Warm Springs Creek near Hailey, West Fork of Rock Creek, and Willow Creek, are entitled to their various amounts and priorities, as among themselves, as of the respective dates and amounts hereby awarded, regardless of the rights of the users of waters of the main stream and other streams involved in this action; and that the appropriators and users of water from other streams are not entitled to have the waters of said dry streams continue to flow down to where their channels unite with the streams into which they empty."

doon Creek was a dry stream, not a tributary of Little Wood River, and appellants' rights to be exercised independent of the users of the main, or other streams, set aside as void, because beyond the pleadings, issues and evidence in that case, or interpreted to permit the waters of Muldoon Creek in excess of appellants' appropriations, alleging there is an excess, to flow from Muldoon Creek into Little Wood River, and thus be available to respondents.

Appellants by motions, demurrers and answers, resisted respondents' attack upon the Frost decree upon the ground of *res judicata* and lack of jurisdiction to declare it void, or again litigate any of the questions determined therein.

The trial court refused to strike from the decree the portion complained of by respondents, hence we need not further consider that phase of the controversy.

As touching upon the issue of interpretation, respondents alleged that appellants were the only direct users from Muldoon Creek, which was not a dry stream, but was a tributary of Little Wood River, and that water would flow from Muldoon Creek into Little Wood River in excess of appellants' appropriations if uninterfered with by appellants, and that this surplus had been, and would be, wasted by appellants, but if allowed to flow into Little Wood River, could be beneficially used by respondents.

While appellants on oral argument commented upon the fact that all parties to the original Frost decree were not brought in here, no request was made of the trial court that they be brought in, and while they may have been proper parties (*Frost v. Alturas Water Co.*, 11 Ida. 294, 81 Pac. 996), they were not indispensable, and appellants have not shown they have suffered any prejudice by their absence.

"It is true that in an action to determine the priority of rights of appropriation all parties claiming a right of appropriation should be made either parties plaintiff or defendant to the action; but it does not follow that a failure to make all persons parties who claim the right of appropriation affects the validity of a judgment rendered determining the

rights of such parties as have been made parties to the suit. An appropriator of water from a stream is a proper party to a suit affecting the right of appropriation to the waters of such stream, but such person is not an indispensable party, and a judgment rendered in said cause will be just as effective as to the rights and interests of all those who were parties to said action and whose rights have been adjudicated, as though other persons had also been made parties, and in this case the decree rendered by the trial court will be effective and binding upon all parties to the suit, and an adjudication of their respective rights as between such parties.'' (*Frost v. Idaho Irr. Co., Ltd.*, 19 Ida. 372, 382, 114 Pac. 38, 41.)

Appellants' answer to paragraphs 32–37, inclusive, of respondents' complaint alleging water to be in Muldoon Creek in excess of appellants' appropriation, now wasted by appellants, and capable of beneficial use by respondents, was not a denial of such facts, but merely a denial of the efficacy of such allegations, because of the prior adjudication, contending that the Frost decree conclusively treated all of the waters of Muldoon Creek as of a dry stream and independent of other tributaries, or of Little Wood River itself. Respondents contend, on the other hand, that the Frost decree gave to appellants or their predecessors in interest only specified and definite amounts therein set forth, namely, to appellants Laidlaw, 1770 miner's inches, and by a later supplementary proceeding making him a party to the Frost decree, gave to appellant Watkins 110 miner's inches.

The court entertained this suggestion, and upon the basis that the allegations in the complaint alleging a surplus of water, were as facts not denied, thus obviating the necessity of proof, construed the Frost decree to give appellants only their decreed rights and that any excess thereof, if uninterfered with by appellants, and not necessary to fill their complete rights given in the Frost decree, and unimpeded, would flow down Muldoon Creek into Little Wood

River, and be available to users on that stream, or lower down.[2]

The trial court thus did not set aside, overrule or interfere with the Frost decree, but merely held that it meant as indicated above, which interpretation is correct for the reason that in the Frost decree and the supplemental decrees, appellants or their predecessors in interest were granted specific and definite rights, and while the court therein went on to state specifically that Muldoon Creek was dry, and not a tributary of Little Wood River, it is not indicated that the court intended if there was surplus water over and above the appropriations decreed to appellant, which otherwise would flow into Little Wood River, to deprive other users on the stream below of such excess water, and this ruling is consonant with the proposition that one is only entitled to that which he may beneficially use, and since it is alleged in the complaint that the excess of appellants' decreed rights are not being used beneficially by them, but wasted, then of course the other users on the stream would be entitled to such overplus, and this portion of respondents' complaint was, as to that fact therein stated, not denied.

---

2 "Decree . . . . It is hereby ordered, adjudged and decreed That the defendants James Laidlaw and Mrs. James Laidlaw, husband and wife, and each of them, be and they are and each of them is hereby perpetually enjoined and restrained from taking or diverting from Muldoon Creek any water flowing therein in excess of the amounts expressly and specifically awarded to the said James Laidlaw in the decree in the case of S. C. Frost and others vs. Alturas Water Company and others, rendered December 13, 1909, to-wit, 1770 miner's inches, to-wit, 35.4 second feet, and they are and each of them is hereby perpetually enjoined and restrained from interfering with or using any water flowing in said Muldoon Creek at any time in excess of said amount, when such excess water would, in the natural course of events, flow down to and into Little Wood River, provided, however, that said injunction shall be inoperative at such times when such excess water in Muldoon Creek would not, if permitted to flow therein, reach Little Wood River. . . . . (a similar provision as to appellant Watkins)."

If the Frost decree were otherwise construed, it would lead to this conclusion: that the specific amount decreed was not intended to define the respective appropriations, but in addition granted some indefinite, uncertain amount, making the decree void for uncertainty. (*Lee v. Hanford*, 21 Ida. 327, 121 Pac. 558; *Hayes v. Flesher*, 34 Ida. 13, 18, 198 Pac. 678; *Sarret v. Hunter*, 32 Ida. 536, 540, 185 Pac. 1072.) On the other hand, not to permit the water flowing down Muldoon Creek after supplying the specified priorities designated, and to be used by respondents, would result in waste, therefore unlawful and obviously not a proper construction of the decree (*Van Camp v. Emery*, 13 Ida. 202, 89 Pac. 752; *Hutchinson v. Watson Slough Ditch Co.*, 16 Ida. 484, 101 Pac. 1059, 33 Am. St. 125; *Lee v. Hanford, supra; Washington State Sugar Co. v. Goodrich*, 27 Ida. 26, 44, 147 Pac. 1073; *Cowell v. Armstrong*, 210 Cal. 218, 290 Pac. 1036), and appellants themselves in effect so recognize such rules, because they plead in paragraph IV of their answer, subdivision 2, as follows: "That the Frost decree did not give or attempt to give to the users of the waters of Muldoon Creek all of the waters flowing in said creek, or any of the waters flowing therein not specifically decreed to them by fixed dates of priority and in fixed amounts"; and on oral argument, appellants stated they were not injured by the judgment herein.

If the waters of Muldoon Creek, over and above appellants' decreed rights, ever do flow into Little Wood River, appellants are not entitled to stop them. If there never is any excess water, they may take it all. In neither event are they in a position to object to the judgment as entered herein.

Judgment affirmed; costs awarded to respondents.

Morgan and Holden, JJ., and Babcock, D. J., concur; Budge, C. J., dissents.

Petition for rehearing denied.