NEPHI IRRIGATION COMPANY, APPELLANT, v. SAMUEL T. VICKERS, RESPONDENT.

WATERS—IRRIGATING AND DOMESTIC USES—FINDINGS—CERTAINTY.

1. Where the findings and decree are that the defendant is the owner and entitled to the use of sufficient of the water of two certain natural streams to irrigate a total of 31 acres, and that the plaintiff is the owner and entitled to the use of all the water of the same streams, subject to the rights of the defendant, and the rights of defendant and plaintiff to the water in question are not otherwise specified or determined, *held*, that the findings and decree are not sufficiently certain, and that the same should be modified by finding and decreeing the amount of water necessary, in *second-feet, or the fractional part of the streams in question, that will be sufficient to irrigate defendant's 31 acres.

2. A finding that the defendant "constructed a small ditch" at a certain point, over the land of said defendant, and down to his house, and that he has diverted therein "a small amount of water for culinary and domestic purposes," and a decree that the defendant is entitled to maintain said ditch, and to run

* 1 See section 1282 C. L. 1898.

therein at all seasons of the year sufficient of the waters of said stream for his culinary and domestic purposes, and that plaintiff is the owner and entitled to the use of the waters of said stream, subject to the rights of the defendant, *held* to be uncertain, and that the same should be modified by finding the quantity of water, in second-feet, or the fractional part of the stream in question, that defendant is entitled to for his culinary and domestic purposes, and decreeing the same to him.

(No. 775.   Decided July 1, 1897.)

Appeal from the Fifth district court, Juab county.  E. V. Higgins, *Judge.*

Action by the Nephi Irrigation Company against Samuel T. Vickers.  From a judgment for defendant, plaintiff appeals.  *Remanded with instructions.*

*D. D. Houtz,* for appellant.

*Samuel A. King, E. A. Wilson,* and *W. C. A. Bryan,* for respondent.

HART, District Judge:

This suit was brought by the plaintiff corporation to quiet title to all of the waters of Salt creek, in Juab county, and its tributaries, Hop creek and Rock springs, and to enjoin and restrain defendant from interfering with any of the waters of said streams.  The defendant answered denying all the allegations of the complaint, and by cross complaint set up title in himself to the waters of Hop creek and Rock springs, and prayed that his title be quieted, and the plaintiff enjoined from interfering therewith.  The court found and decreed that the defendant is the owner and has the right to use sufficient of the waters of Hop creek to irrigate 30 acres of land, and that the defendant is entitled to divert at a point

named, and to run through a certain ditch, and to pass the house of defendant, at all seasons of the year, sufficient of the waters of Hop creek for his culinary and domestic purposes, and that the defendant is the owner of and has the right to use sufficient of the waters of Rock springs to irrigate 1 acre of land during the irrigating season. Title to said water is quieted in the defendant, and plaintiff is enjoined from interfering with the same. The court found that all of the waters of Salt creek and its tributaries, Hop creek and Rock springs, is sufficient to irrigate at all seasons of the year about 2,700 acres, and the plaintiff is decreed to be the owner of, and entitled to the use of, all the waters of Hop creek and Rock springs, subject to the rights of the defendant as hereinbefore set forth; and defendant is enjoined from interfering with plaintiff's full and free use of that portion of the waters of Hop creek and Rock springs to which it is entitled as decreed. The plaintiff appealed from the judgment and decree, and the principal ground of objection is the uncertainty of the decree.

Some question is made as to the sufficiency of the cross complaint upon which to grant defendant affirmative relief. No demurrer was made to the cross complaint, and testimony was taken and proceedings had thereunder without objection. The proceedings were on the equity side of the court; it had jurisdiction of the subject-matter and of the parties; and, without entering into a detailed discussion of the pleadings in the case, we are of the opinion that the court had authority to ascertain the rights of the parties, and proceed to a final determination of all the matters at issue. Pom. Eq. Jur. §§ 181, 231, 232, 242, 1371; *Frey* v. *Lowden* (Cal.) 11 Pac. 838; *Harris* v. *Harrison,* 93 Cal. 676.

In answer to appellant's objection to the uncertainty

of the decree, respondent's counsel contend in their brief, and also in oral argument, that the court found that the plaintiff was entitled to irrigate from these streams 2,700 acres, and the defendant 31 acres, and that, therefore, the decree and findings are susceptible of but one construction, to-wit, that the entire stream is sufficient to irrigate 2,731 acres, and that plaintiff is entitled to 2,700 parts out of a total of 2,731 parts, and that defendant is entitled to 31 parts or 31-2731; thus fixing the rights of the litigants with mathematical certainty. An examination of the record, however, shows that no such construction can be placed upon the findings and decree, and that the plain finding is that the waters of the streams in question are sufficient to irrigate 2,700 acres in all, and the judgment roll is silent as to how many acres the plaintiff is entitled to irrigate. The defendant is decreed sufficient water to irrigate 31 acres of land, and the remainder of the streams to plaintiff. In the case of *Holman* v. *Pleasant Grove City,* 8 Utah 78, this court affirmed a decree allowing the plaintiff " sufficient water to irrigate 60 acres of land, subject to a diminution *pro rata* with other appropriations." In that case the defendant city had taken control and assumed and exercised the authority of distribution; and, the acreage of the claimants to the water being determined, a decree for water as represented by acreage, subject to a *pro rata* distribution and diminution, was upheld. In the case at bar, the acreage of the plaintiff not being fixed by the decree, it is indefinite and uncertain how much water is awarded to the defendant for irrigation, and consequently it is uncertain how much water is awarded to plaintiff. The decree says sufficient water to irrigate 30 acres and 1 acre, but who is to determine how much is sufficient for this purpose? The quantity required would depend upon

the season and the kind of crops grown. Irrigators widely differ as to the amount of water necessary for proper irrigation. Unless the total acreage to be irrigated from a stream is determined, and a *pro rata* division decreed, it is about as uncertain to decree a person sufficient water to irrigate 31 acres as it is to decree him " one good irrigation stream," which was condemned by this court in the case of *Smith* v. *Phillips*, 6 Utah 376.

Neither mode of measurement is a compliance with the section 2782, Comp. Laws Utah 1888, which provides " that water may be measured by fractional parts of the whole source of supply with a limitation as to periods of time when used or intended to be used; or it may be measured by cubic inches, with a limitation specifying the depth, width and declination of the water at points of measurement, and, if necessary, with a further limitation, as to periods of time when used, or intended to be used," etc. The findings and decree as to the waters for culinary and domestic purposes are equally uncertain. The defendant is found to have " constructed a small ditch " at a certain point, " over the land of said defendant, down to his house," and that " the defendant and his predecessors in interest, for the purpose of conveying to the house and home of said defendant herein, have diverted a small amount of water for culinary and domestic purposes " at all seasons of the year; and it is decreed " that the defendant is entitled to maintain said ditch, and to run at all seasons of the year sufficient of the waters of Hop creek for his culinary and domestic purposes through said ditch." The findings and decree fail to specify the size of the ditch, the amount of water diverted, and the quantity of water sufficient for defendant's culinary and domestic purposes. This case should be remanded, with directions to the trial court to modify

the decree by finding and decreeing, either from the evidence taken or from other evidence that may be offered, or from the report of a referee appointed for that purpose, the amount of water, in second-feet, or fractional parts of the stream in question, that will be sufficient to irrigate the defendant's 31 acres of land, and for his culinary and domestic purposes. The case is ordered remanded, with instructions to proceed in accordance with this decision, and modify the findings and decree.

ZANE, C. J., and MINER, J., concur.