VOL. 26, MAY TERM, 1903.  485

Lost Creek Irri. Co. v. Rex et al.

LOST CREEK IRRIGATION COMPANY, a Corporation, Appellant, v. WILLIAM H. REX, IRENE E. JENNINGS, and ISAAC JENNINGS, Respondents.

### No. 1423.  (73 Pac. 660.)

1. **Waters and Water Courses: Diversion: Rights: Findings: Not Supported by the Evidence.**
Where, in an action to determine water rights, there was no evidence showing the amount of water necessary for the use of the several parties by an approved mode of measurement, a finding that plaintiff and defendants had each diverted and used one-half of the normal flow of the creek was not sustained by the evidence.[1]

2. **Same: Nonsuit: When Granted.**
Where, in an action to determine water rights, the plaintiff failed to prove title or possession to any definite amount of the water, the motion for nonsuit should have been granted.

3. **Same: Decree: Indefiniteness.**
A decree in an action to establish water rights provided that plaintiff was entitled to one-half of the waters of the normal flow of a creek after June 15, of each year, and that defendants were entitled to one-half of the water of the normal flow of the creek after June 15, of each year and to whatever amount of the surplus waters they may desire to use prior to the 15th day of June of each year, and that the title to each be quieted. *Held*, that, since the decree fixed no time when the normal flow ceased or high waters began, it was not sufficiently definite.

### (Decided September 19, 1903.)

Appeal from the Sixth District Court, Sevier County.—
*Hon. William M. McCarty*, Judge.

Action to quiet title to a water right. From the judgment, the plaintiff appealed.

REVERSED.

---

[1] Irrigation Co. v. Vickers, 15 Utah 374, 49 Pac. 301.

*J. B. Jennings, Esq.,* for appellant.

*W. K. Reid, Esq.,* for respondents.

LEWIS, District Judge.—This case involves the ownership of the waters of Lost creek, Sevier county, Utah. At the close of the testimony the trial court said: "Gentlemen, I would like counsel to point out some fact or facts that have been established here by the evidence, or that the evidence tends to establish, that will enable the court to determine what the respective rights of the parties to this action are to that creek. I have paid very close attention, but I am unable to call to mind a scintilla of testimony that tends to show the amount of water that is there, how much Rex has been using, and how much the company claims that they are entitled to. If counsel can do so, the court will render a decree; if counsel cannot, the court will dismiss the case." After a review of all the evidence in the case, we are of the opinion that there was not sufficient evidence to enable the court to determine the amount of water the parties are entitled to, and that the finding that the plaintiff and defendants have each diverted and used one-half of the normal flow of the creek is not supported by the evidence. There is a great deal of evidence tending to establish the amount of land irrigated by the respective parties, but the evidence does not show the amount of water used by either party. A decree cannot be based upon such evidence alone, but should specify the amount of water necessary by an approved mode of measurement. Lakeside Ditch Co. v. Crane, 80 Cal. 181, 22 Pac. 76; Irrigation Co. v. Vickers, 15 Utah 374, 49 Pac. 301. At the close of plaintiff's case the motion for nonsuit should have been granted, for plaintiff had failed to prove title or possession to any definite amount of water or any definite part of the stream.

Nor is the decree in this case sufficiently definite and certain as to be enforcible. It provides: "First.

VOL. 26, MAY TERM, 1903.          487

Lost Creek Irri. Co. v. Rex et al.

That the plaintiff is entitled to, is the owner of, and has title to one-half of the waters of the normal flow of the said Lost creek after the 15th day of June of each and every year, to be measured at or near the headgate of the defendants' canal, in the natural channel thereof; and the title of the plaintiff to the said waters and the use thereof is hereby quieted as against the defendants herein. Second. That the defendants are entitled to, are the owners of, and have title to one-half of the waters of the normal flow of the said Lost creek after the 15th day of June of each and every year, to be measured at or near the headgate of their canal, in the natural channel thereof; and the title of the defendants to the use of the said waters is hereby quieted as against the plaintiff. That the defendants are the owners of, and are entitled to, and have title to whatever amount of the high and surplus waters of the said creek they may desire to use prior to the 15th day of June of each and every year, and the title of the defendants to the use thereof is hereby quieted against the plaintiff." There is no time fixed when the normal flow ceases and the high waters begin, so the effect is, first, to give to each party one-half the flow of the creek the whole year, and then to give to defendants an indefinite amount, or all the waters of the creek, for an indefinite part, and consequently for the whole year. For the reason that this court's inability to render any decree upon the evidence is due to the fact that appellant entirely failed to introduce any testimony tending to establish its right to any definite amount of water, and for the further reason that appellant's abstract and brief are so unfair as to be of no assistance to this court, appellant will not be awarded costs of appeal.

It is ordered that the judgment be reversed, and the case remanded to the court below, with directions to grant a new trial, and that each party pay his own costs on this appeal.

BASKIN, C. J., and BARTCH, J., concur.