## NEPHI IRRIGATION COMPANY v. VICKERS.

### No. 1630 (81 Pac. 144).

1. WATERS AND WATER COURSES—IRRIGATION—RIGHTS OF APPROPRIATOR.—An appropriator of water is not required to furrow his land before irrigating the same.

2. SAME—CHARACTER OF USE—INFERENCES BY COURT.—Where the appropriator of water for irrigation uses the same without waste, and in accordance with his appropriation, no one can complain, and no court can change his manner of using the same.

(Decided May 27, 1905.)

APPEAL from District Court, Juab County; T. Marion-eaux, Judge.

Action by the Nephi Irrigation Company against Samuel T. Vickers. From the judgment rendered, defendant appeals.

REVERSED AND REMANDED.

*King, Burton & King* for appellant.

*D. D. Hontz* for respondent.

### RESPONDENT'S POINTS.

The assignments as to the insufficiency of the evidence do not point out any particular wherein the evidence is insufficient, but is merely an attack upon the conclusion of fact, that is, the general conclusion of the court. Such an assignment is not only contrary to reason but in violation of the plain provisions of our code as expressed in section 1, chapter 40, Statutes of 1903. Without further arguments for the insufficiency of the assignment of errors wherein appellant relied upon the insufficiency of the evidence, we submit the following extract from the case of *DeMolera v. Martin,* 57 Pac. 825. The court says: "When the notice of the motion designates as the grounds of the motion, the insufficiency of the evidence to justify the verdict or decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient. . . . The purpose of the statute requiring such specification is apparent. It is to direct the attention of the court and counsel to the particulars relied upon by the moving party, to the end that the evidence bearing upon the specifications of such particulars may be inserted in the statement and considered by the court. (*Eddelbuttel v. Durell,* 55 Cal. 279; *Spotts v. Handley,* 24 Pac. 738; *Adams v. Helbing,* 40 Pac. 422; *Kumley v. Grand Lodge,* 42 Pac.

634; *Haight v. Tryon,* 44 Pac. 318; *Baird v. Peal,* 28 Pac. 285.)

APPELLANT'S POINTS.

This is an equity case, and therefore this court has juris-diction to review the findings of the lower court, examine the evidence and determine what the facts are and render its judg-ment in accordance therewith. This rule has been so fre-quently announced by this court that argument upon it is un-necessary. We will, however, direct the court's attention to one or two cases where the rule which we here invoke has been announced. In the case of *North Point Company v. Utah & Salt Lake Canal Company et al.,* 16 Utah 246, it was held that only in cases where the evidence of a fact found to exist or not to exist, is so evenly balanced or the proof of it is so unsatisfactory as to cause the mind to hesitate and pause as to the side on which it preponderates or as to its existence or non-existence, and to leave it in grave doubt, will this court refuse to go beyond the findings and examine the record as to its sufficiency or insufficiency of the evidence to support the judgment. The court then quotes from *Whittaker v. Fergu-son,* 16 Utah 240, as follows: "An appeal may be taken in equity cases on questions of fact as well as of law. The ap-pellate court therefore by necessary implication has the same jurisdiction and power in equity cases to determine questions of fact as of law, and may go behind the facts and decree of the trial court, consider all the evidence, decide on which side the preponderance thereof is, and ascertain whether or not the proof justifies the findings and decree and modify, or set aside the findings or decree, and enter or direct such findings as the evidence in the judgment of the appellate tribunal, may jus-tify." This has been the uniform holding of this court. With this rule in view, an examination of the evidence, as well as of the affidavits, we feel will convince the court that the find-ings and decree are so "manifestly erroneous as to demon-strate some oversight or mistake" on the part of the trial court.

BARTCH, C. J.

This action was brought in Juab county, in 1895, by the plaintiff, to quiet title to all the waters of Salt creek and two of its tributaries, Hop creek and Rock Springs, and to enjoin the defendant from interfering with any of the waters of those streams. The case has been thrice tried, and has been before us on two former occasions, on each of which the cause was remanded because of the findings and decree being indefinite and uncertain as to the rights of the parties regarding their use of water. The case is reported in 15 Utah 374, 49 Pac. 301, and 20 Utah 310, 58 Pac. 836. On this appeal the appellant again complains of the findings of fact and decree. Among other things, the court found:

> "That the defendant is the owner and entitled to the use of one-quarter of a cubic foot of water per second of time flowing continuously in each and every year from the said Hop creek from the 1st day of April until the 1st day of September, and is entitled to take said water from the said Hop creek at the head of his ditch as now constructed, and at the point where the same intersects the natural channel of said Hop creek."

A decree was entered accordingly. The appellant insists that the court erred in so finding and decreeing, because not warranted by the evidence. It is contended that one-fourth of a cubic foot of water per second continuous flow is insufficient to irrigate appellant's thirty acres of land—the number of acres, as now appears, he is admittedly entitled to irrigate from Hop creek; that such a quantity of water does not constitute a stream of sufficient size for the purposes of irrigation and cannot be used to advantage in the irrigation of appellant's land; and that he ought to be decreed the use of the entire stream of Hop creek for at least ten days in each month, during the irrigation season, to irrigate the thirty acres, instead of one-fourth of a cubic foot continuous flow. We think this contention, under the facts and circumstances in evidence, is sound. Without reference in detail to the evidence, it is

manifest, when the character of the soil and subsoil, as shown by the great preponderance of the proof, is considered, that one-fourth of a second foot constitutes a stream too small to irrigate thirty acres of that kind of land. Evidently the evaporation and seepage of such a small stream would be such as in great part to destroy its efficiency and usefulness. Any one who is at all acquainted with the properties of water knows that the loss in such a stream by evaporation and seepage is proportionately much greater than in a stream two or three times its size. In fact, it would seem too clear to require demonstration by actual test that such loss would in the same time be practically as great from the smaller stream, flowing in the same ditch, as that from the larger one. It seems, therefore, indisputable that an amount of water sufficient to irrigate thirty acres in ten days, by means of a ditch, would be wholly insufficient to irrigate it by diminishing the size of the stream so as to have a continuous flow in the ditch during the entire month. It will be noticed that in the one case the loss continues but ten days, while in the other it continues thirty days. Hence if, as shown by a clear preponderance of the evidence, it requires the whole stream of Hop creek, which admittedly contains but eight-tenths of a cubic foot per second, to irrigate the thirty acres in ten days, it is evident that a continuous flow of one-fourth of a cubic foot per second during the month is insufficient to irrigate the land. It is thus manifest that the findings and decree are not supported by the weight of the evidence, are erroneous, and contravene the rights of the appellant. Nor do they conform to the appropriation, no one has a right to complain, and under such propriation, of the water made by him, or to the use of the water by him prior to the time this controversy arose. As appears from the proof, the appellant applied the water in an ordinary and usual way, and he was not bound to furrow his land before irrigation. So long as he uses the water without waste, and in accordance with his appropriation, no one has a right to complain, and under such circumstances a court cannot change his manner of use. We are therefore not only of the opinion that the court erred in the findings

and decree, but also that the findings and decree proposed by the appellant set forth on pages 36 to 39, inclusive, of the abstract, were substantially in accord with the decided weight of the evidence, and ought to have been adopted by the court.

The judgment must therefore be reversed, with costs, and the cause remanded, with directions to the court below to set aside its findings and decree and enter new findings and decree in substantially the same form and to the same effect as those proposed by the appellant. It is so ordered.

McCARTY and STRAUPP, JJ., concur.