[No. 2056]

# CÆSAR RAMELLI, RESPONDENT, *v.* NICK SORGI, APPELLANT.

[149 Pac. 71]

1. WATERS AND WATERCOURSES—ACTION TO DETERMINE WATER RIGHTS —DECREE—CERTAINTY.

Rev. Laws, sec. 4677, and the water law (Stats. 1913, c. 140), provide that in all measurements of water a cubic foot of water per second of time shall be the standard of measurement. Plaintiff sued defendant to have it adjudged that he was the owner of three-eighths of the water of a creek, and the court so decreed and enjoined defendant from diverting such three-eighths of the water or any part thereof from the stream. *Held*, that the decree was too uncertain as to the quantity of water to which plaintiff was entitled, but should use the standard of measurement described by the statute or some measurement readily translatable therein.

2. WATERS AND WATERCOURSES — EVIDENCE OF WATER RIGHTS — DESCRIPTION IN DEED.

The predecessors of plaintiff and defendant and a third person appropriated water from a stream for irrigation purposes, the appropriation purporting to include all the waters of the stream. By a partition deed, the other parties conveyed to plaintiff's predecessor three-eighths of the water of such stream. *Held*, that in an action to determine plaintiff's rights, though the deed had some evidentiary value, it was not conclusive as to the quantum of such right, as the right to water in a natural stream must rest on proof of actual appropriation and application to a beneficial use, and a description of a water right in a deed is not ordinarily conclusive.

3. WATERS AND WATERCOURSES—ACTION TO DETERMINE WATER RIGHTS —DECREE—CERTAINTY.

In an action to have it adjudged that plaintiff was the owner of three-eighths of the water of such stream, it being an admitted fact from the pleadings that he and defendant had rights to certain of the water, equal in time, the court should have determined the rights of both parties, and should have specifically designated some point on the stream where plaintiff's rights might be measured.

## ON REHEARING

1. WATER AND WATERCOURSES—INJURY TO ADJACENT PROPERTY.

Where several parties, acting independently, contribute to the injury, the party injured may proceed severally against the parties contributing to the injury.

2. WATER AND WATERCOURSES—LIABILITY OF THIRD PARTIES—INJUNCTION.

The fact that waste water from defendant's lands flowed without interruption across the lands of a third party, would not affect the right of plaintiff to enjoin defendant from flowing such waste water upon plaintiff's lands.

APPEAL from Second Judicial District Court, Washoe County; *John S. Orr*, Judge.

Action by Cæsar Ramelli against Nick Sorgi. From a judgment in favor of the plaintiff, the defendant appeals. **Reversed and remanded,** with directions.

*Harwood & Springmeyer*, for Appellant:

The judgment following the evidence and findings fails to fix the quantity of water to which any of the parties is entitled, and fails to determine the priorities. A decree of the court in this respect must be definite. (*Walsh* v. *Wallace*, 26 Nev. 299; Weil on Water, 3d ed. p. 702; *Lee* v. *Hanford*, 21 Idaho, 327; *Steinberger* v. *Meyer*, 62 Pac. 483; *Authors* v. *Bryant*, 22 Nev. 242.)

The trial court erred in refusing to bring in necessary and indispensable parties. (*Bliss* v. *Grayson*, 24 Nev. 422; *Robinson* v. *Kind*, 23 Nev. 338.)

It is a fundamental rule in equity that all parties, however numerous they may be, who are interested in the subject of the suit and its results, should be made parties. (16 Cyc. 181, 189.)

*Summerfield & Richards*, for Respondent.

By the Court, NORCROSS, C. J.:

Respondent brought suit against defendant praying for a judgment and decree to the effect that the respondent is the owner and entitled to the usufructuary right to three-eighths of the natural flow of the water of Steamboat Creek; that respondent have a perpetual injunction against appellant restraining him from diverting three-eighths, or any portion thereof, of the waters of said creek away from the lands of respondent or in any manner interfering with the respondent's use thereof and, also, from causing, permitting, or suffering the waste waters from certain lands of appellant flowing upon certain lands of respondent; for damages in the sum of $2,200; and for costs. Judgment was awarded respondent in accordance with the prayer of the complaint, excepting that nominal damages only were allowed.

While the record filed in this court discloses that a motion for a new trial was interposed and denied in the court below, the appeal appears to be from the judgment only, and hence will limit the consideration of the points raised to the one main question.

It is the contention of appellant that the judgment is void for uncertainty, in that it fails to fix with requisite definiteness the amount of water to which either of the parties is entitled, and fails to determine priorities; that, under such circumstances, injunctive relief is improper.

So much of the judgment as is involved in the question presented reads as follows:

"And it is further adjudged and decreed that the plaintiff was at the time of the commencement of this action, and now is, the owner and entitled to the usufructuary right for irrigation, stock, and domestic purposes during the irrigating season of each year of three-eighths of the natural flow of the waters of Steamboat Creek, and his ownership and title thereto is hereby established and declared. And it is further adjudged and decreed that the defendant, Nick Sorgi, his servants, agents, attorneys, and employees, and all other persons acting under the control and authority and direction of defendant, be and they are hereby perpetually enjoined and restrained from diverting said three-eighths, or any part thereof, of the natural flow of the waters of Steamboat Creek from the said creek and away from the lands of said plaintiff during the irrigating season of each year or from in any manner interfering with the plaintiff's use thereof."

It is alleged in the complaint that, in the year 1860, B. G. Clow, appellant's predecessor, W. P. Sturtevant, respondent's predecessor, together with T. G. Smith, acquired a possessory right in common to certain unsurveyed lands in Washoe County and appropriated water from Steamboat Creek for the irrigation thereof, such appropriation purporting to include "all the waters of Steamboat Creek for irrigation and other purposes"; that in the year 1864, after the land had been surveyed, the said tenants in common executed and delivered a deed

in partition of the land and water rights, the said deed purporting to convey to said Clow and Sturtevant, respectively, "three-eighths of the waters of Steamboat Creek" and to said Smith the remaining one-fourth.

A demurrer was interposed to the complaint for uncertainty in not alleging the amount of water necessary and the amount actually appropriated, and for defect of parties defendant, in that other persons are interested as users of water from said creek between appellant's and respondent's lands. The demurrer being overruled, defendant, appellant herein, filed answer denying certain of the allegations of the complaint, setting up title in himself to certain of the waters of Steamboat Creek, and praying that title to so much of the waters of the creek as may be necessary to irrigate his lands be established and quieted in defendant as against the plaintiff and all persons interested; that certain other water users on said creek be made parties for a full determination of the case.

We come now to a consideration of the contention that the judgment is void for uncertainty.

In *Authors* v. *Bryant*, 22 Nev. 242, 38 Pac. 439, this court said:

"No subject is, perhaps, so prolific of controversies as the use of water by different claimants for irrigation purposes, and a decree concerning it should be as certain as the use of language can make it."

In *Walsh* v. *Wallace*, 26 Nev. 299, 76 Pac. 914, 99 Am. St. Rep. 692, this court, considering the findings in the case and a decree enjoining appellants "from diverting any of the water of Reese River, and from in any way interfering with said water in such manner as to prevent said water from flowing on the lands of respondents in sufficient quantity to irrigate the same," said:

"The court, by its findings and decision, determined but one issue. It did not determine all the rights of either of the respondents, or any of the rights of the appellants. It left undetermined the quantity of water sufficient to irrigate respondents' lands, and to that extent

it left undetermined respondents' rights, and thereby all the rights of the appellants. It cannot be ascertained from the findings or the decision when the respondents have taken the quantity of water sufficient to irrigate their land, or whether respondents can take subordinate to appellants' rights at any time any of the waters by virtue of their appropriation.

"So far as the findings, express or implied, are concerned, based upon the pleadings and the evidence, the quantity appropriated is left to mere conjecture—is left to be determined by future litigation between the parties. The parties have no right to determine what is sufficient or what is not sufficient to irrigate their land. The judgment and decree in this respect should be certain and definite, and, unless the decree is certain and definite in this respect, it cannot be upheld, except, under the circumstances of the case, the indefinite and uncertain quantity given by the decree is capable of ascertainment."

Commenting upon the case last mentioned, Kinney on Irrigation and Water Rights, at section 3009, uses the following language:

"So, in a well-reasoned case decided by the Supreme Court of Nevada, where all the parties had done all the things necessary for a valid appropriation of water, a decree without any definite finding of amount appropriated, but only that plaintiffs had appropriated enough to irrigate certain portions of their lands, which enjoins defendants from diverting any of the water, and from interfering therewith so as to prevent the water from flowing onto plaintiff's land in sufficient quantity to irrigate it, was held to be too indefinite to be sustained."

Kinney, in his work (section 1557), also says:

"The decree and judgment of the court must be rendered in an action to adjudicate water rights, and must be based upon the findings of fact and conclusion of law found by the court. As the main purpose of such an action to quiet title is to determine the respective rights of the parties to the use of the water, or their rights in a ditch or canal,

the decree should definitely award the respective rights
to the parties to the action.   Therefore, in order to have
a decree conclusive upon the subject by its future con-
struction, it must be sufficiently definite and certain as to
the parties, the order of their respective priorities, the
quantity of water which each is entitled to use, the times
when they are entitled to use the water, and any other
subject which the evidence in each particular case may
develop."

From section 1558 we quote from the same author the
following:

"After the court has decided what parties are entitled
to water rights, the next principal question to be decided
by the court is the quantity of water to which each party
is entitled.˙  And in this respect the decree should be made
as definite and certain as the use of language can make
it.   Where a standard of measurement has been adopted
by the statutes of the state and the evidence before the
court is sufficient for the court to render a decree in that
standard, the decree should state the quantity of water
awarded to each party in that standard.   However, where
the evidence is not sufficient for the court to adopt such
a standard in its decree, but is sufficient for the rendition
of the decree upon some other basis or standard of meas-
urement, the court may render its decree in such other
basis or standard.   The principal object of the court in
this respect is· that the decree be so definite and certain
as to the quantity of water awarded to each party that
the matter may be deemed finally settled and adjudicated,
and that each party may know exactly what quantity or
what proportion of the stream he is entitled to."

In *Lee* v. *Hanford,* 21 Idaho, 327, 21 Pac. 558, the court
said:

"The issue made by the pleadings in this case is the
priority of the appropriation, and the quantity of water
so appropriated by each, as between the plaintiff and the
defendant, of the waters flowing in Blackman's Gulch
Creek.   The court finds that the plaintiffs are entitled to
all the waters of Blackman's Gulch Creek by reason of

being prior appropriators thereof, and the application of the same to a beneficial use. These findings and also the decree are indefinite and ineffectual.   *   *   *

"Rev. Codes, sec. 3241, prescribes the measurement of water as a 'cubic foot of water per second of time shall be the legal standard for the measurement of water in this state'; this statute is the measurement of water which should be recognized by the court in entering a decree of distribution, and in this case the court should have found the date of the appropriation of the respective parties to this suit and the quantity appropriated and beneficially used by each of such parties, and determined such question by the measurement provided by the statute."

In *Nephi Irrigation Co.* v. *Vickers*, 15 Utah, 374, 49 Pac. 301, it was held that a decree should be in conformity with the statute of that state, which provides:

"That water may be measured by fractional parts of the whole source of supply with a limitation as to periods of time when used or intended to be used; or it may be measured by cubic inches, with a limitation specifying the depth, width, and declination of the water at points of measurement, and, if necessary, with a further limitation, as to periods of time when used, or intended to be used."

In *Lost Creek Irrigation Co.* v. *Rex*, 26 Utah, 485, 73 Pac. 660, it was held that a decree "should specify the amount of water necessary by an approved mode of measurement."

[1] An act of the legislature of 1907 (Rev. Laws, sec. 4677) provided:

"In all measurements of water in this state a cubic foot of water per second of time shall be the standard of measurement."

The same provision was carried into the water law of 1913 (Stats. 1913, c. 140).

While, under the peculiar circumstances of a particular case, a court might be justified, notwithstanding the statute, in entering a judgment decreeing fractional

parts of a stream to one or more water users thereof—a question, however, we do not determine—such a decree ought not to be sustained where no reason exists why the same should not be in the standard of measurement prescribed by the statute or some measurement readily translatable therein. While we may concede that a decree apportioning fractional parts of a stream, in the absence of a statute fixing a standard of measurement, might not be held void for uncertainty, nevertheless it must be conceded that such a decree in most cases would be unsatisfactory, owing to the difficulty of readily determining the actual amount of water constituting such fractional part.

[2] It would seem in this case that the partition deed executed in 1864, assuming to divide the stream into fractional parts, was given great, if not controlling, consideration in determining the amount of water to which the plaintiff was entitled. While such a deed has some evidentiary value, the right to water in a natural stream must rest upon proof of actual appropriation and application to a beneficial use, and a description of a water right in a deed would not ordinarily be conclusive as to the quantum of such right.

It is an admitted fact from the pleadings that both the plaintiff and defendant possess other lands than those embraced within the possessory right acquired by plaintiff's and defendant's predecessors and included in the partition deed of 1864. These lands subsequently acquired are irrigated from the waters of Steamboat Creek, and this fact may now affect the relative interests of the parties in the stream.

[3] It is also an admitted fact from the pleadings that appellant and respondent have rights to certain of the waters of Steamboat Creek equal in time. This, it seems to us, makes it important that the rights of both parties be determined, and that there be specifically designated some point upon the stream where respondent's rights may be measured.

While possibly not strictly before us for determination

in the condition of the record, it would seem that those water users on the stream, who divert water between the lands of appellant and respondent, should be made parties, and their rights, also, determined.

So much of the judgment as decrees to respondent three-eighths of the natural flow of the creek and the injunction based thereon is set aside.

The cause is remanded, with directions to determine the amount of water the respective parties are entitled to in accordance with the standard of measurement prescribed by statute, and any injunction awarded to be based upon such standard of measurement.

## ON REHEARING

By the Court, NORCROSS, C. J. :

This case was heretofore determined on the appeal from the judgment. A rehearing was granted because the court inadvertently overlooked the fact that counsel had stipulated for diminution of the record so as to enable the court to pass on questions raised upon the appeal from the order denying defendant's motion for a new trial. No attack is made upon the correctness of the views expressed in the former opinion.

[1] It is contended by counsel for the appellant that the decree granting an injunction against the appellant "from causing, permitting and suffering the waste water from said section 15 and the south half of section 1, T. 18 N, R. 20 E, to flow over, into, and upon the plaintiff's land situate in section 3, T. 18 N, R. 20 E," should be set aside. It is urged that this portion of the decree should be vacated for the reason that the court found that other persons who were not made parties to the action contributed to the damage done to plaintiff's lands in section 3 by permitting waste water to flow thereon, and that these other persons were necessary parties to the suit. The court found that the lands of plaintiff in section 3 were damaged by waste water from the lands of defendant situate in section 15 and the south half of section 10, but refused to award any judgment for damages

against defendant for the reason that it was impossible to determine what portion of the damage was occasioned by waste water from defendant's lands. We are of the opinion that the decree granting the injunction against the defendant permitting waste water to flow from his lands above mentioned upon the lands of plaintiff is not invalid for want of other necessary parties. It is not contended that the defendant and the other alleged necessary parties were acting jointly in occasioning the damages in question. Where several parties, acting independently, contribute to an injury, the party injured may proceed against the parties contributing to the injury severally.

[2] It is further contended that the decree should be set aside because it appears from the evidence that one George W. Mapes is the owner of the north half of section 10 and that, in order for waste water to reach the lands of plaintiff, it must first pass over the lands of the said Mapes. It is not contended that the evidence discloses that Mapes in any way made use of the waste water from section 15 and the south half of section 10 upon the north half of section 10 before it passed upon the lands of plaintiff in the south half of section 3. The fact that waste water from defendant's lands flowed without interruption across the lands of a third party would not, we think, affect the right of plaintiff to enjoin defendant from flowing such waste water upon his lands. If it were a fact that the owner of the north half of section 10 appropriated the waste water of defendant to his own use, and applied the same in the irrigation of land in the north half of section 10, defendant would not be liable for damages, and the injunction could not be enforced against him for the reason that an intervening party had appropriated such waste water to his own use, and such intervening party alone would be liable in damages to the plaintiff, or subject to injunction for such flow.

The judgment heretofore pronounced in the former opinion and decision of this court will stand without modification.