[No. 2056]

## CÆSAR RAMELLI, RESPONDENT, *v.* NICK SORGI, APPELLANT.

[161 Pac. 717]

1. COSTS—ON APPEAL—COST BILL—TIME FOR FILING.
    A cost bill, though not filed until after decision on rehearing, was filed in time.

2. COSTS—ON APPEAL—TRANSCRIPT.
    In view of Rev. Laws, 5333, providing that when appellant specifies as ground for appeal that the judge erred in denying a motion for new trial on ground that the evidence did not support the judgment and does not prevail, he shall not recover costs for the statement of the testimony, although he prevails on other alleged errors on an appeal from the judgment and from an order denying a motion for a new trial, where the only relief granted appellant was on the appeal from the judgment based on the judgment roll alone, appellant is not entitled to costs for the transcript on appeal from the order denying his motion for a new trial.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Appeal, pursuant to rule, from the action of the clerk taxing costs of appeal. **Costs retaxed,** denying one item. [For opinion on former appeal, see 38 Nev. 552.]

*Summerfield & Richards,* for Respondent:

The rule providing for the serving and filing of a cost bill refers to the decision contemplated under the original opinion. Appellant failed to file any cost bill until after the opinion on rehearing was rendered, and this court did not disturb its decision announced in its original opinion. "The clear implication is that costs are in the discretion of the court only in the cases mentioned. No express provision is made for cases where the judgment is affirmed or where it is reversed with direction to enter a final judgment in favor of appellant. Such reversal or affirmance carries costs with it. Where a new trial is directed or the judgment is modified, the court, in its discretion, sometimes allows costs to the appellant, sometimes to the respondent, and sometimes to neither party; and sometimes, where the judgment is reversed, it is

directed that costs of appeal abide the result of the court below." (Hayne, New Trial and Appeal, Ed. 1889.)

The appeal was from the judgment and order denying the motion for a new trial. Nearly the whole transcript embraces the testimony taken at the trial, and this naturally appertains to the facts of the case and not to the law. The opinions of the court are based absolutely upon the judgment roll alone. The appellant abandoned every question except those which could be raised upon the judgment roll alone, therefore rendering the testimony for which the costs are claimed an absolutely useless record on the appeal. The transcript was unnecessary. (*Halsey* v. *Murray,* 112 Ala. 185; *People* v. *Holden,* 28 Cal. 123; *Biglow* v. *Hoover,* 29 Am. St. Rep. 296; *Young* v. *State,* 60 Pac. 711; *King County* v. *Collins,* 1 Wash. Terr. 468.)

The costs under the statute and the decisions are discretionary, and on this appeal neither party should be awarded costs. (*Romberg* v. *McCormick,* 194 Ill. 205; *Metropolitan Co.* v. *Duggan,* 11 N. Y. Supp. 819; *Ramsey* v. *Ramsey,* 35 Ala. 282.)

*Harwood & Springmeyer,* for Appellant:

The allowance of costs as made by the clerk should stand. The language of the statute is plain and explicit, to the effect that "in the event no order is made by the court relative to the costs, * * * the party obtaining any relief shall have his costs." (Rev. Laws, 5381; Rules of Sup. Ct., rule 6.)

If appellant had filed a cost bill after the original decision, it is plain that he could not have included in it the item of costs for the petition on rehearing. Inasmuch as section 2 of rule 6 provides that the cost bill shall be filed within five days after a decision, and it was filed within that time after the decision on rehearing, appellant should receive his costs for the petition on rehearing and for all records used by the court in rendering that decision. The situation is analogous to a new trial in the district court, where a cost bill on the second

trial includes and covers costs on the first trial. The authorities cited by respondent have no applicability to the principles involved.

By the Court, NORCROSS, C. J.:

1. Exceptions were taken to the cost bill filed in this case by counsel for appellant. The clerk has taxed the costs in accordance with the.cost bill filed. Pursuant to a rule of this court, an appeal is taken from the action of the clerk. It is contended that the cost bill was not filed in time, because not filed until after decision upon rehearing. We think this objection is without merit. (*Argenti* v. *City of San Francisco*, 16 Cal. 277; *Cameron L. Co.* v. *Stack-Gibbs L. Co.*, 26 Idaho, 626, 144 Pac. 1114, 4 C. J. 641.)

2. Appeals were taken in this case from the judgment and from an order denying a motion for a new trial. (38 Nev. 552, 149 Pac. 71, 154 Pac. 73.) The only relief granted appellant was on the appeal from the judgment based on the judgment roll alone. We think appellant is not entitled to costs for the transcript on appeal from the order denying defendant's motion for a new trial. (Rev. Laws, 5333.)

The clerk is directed to strike from the cost bill so much of the allowance made for "typewriting transcript and statement on appeal," which is inclusive of the statement on appeal from the order denying the motion for new trial. All other items of the cost bill are allowed.