## SIEBERT *v.* SMITH

No. 2671

April 12, 1926.　　　　　　　　　　　244 P. 1012.

### ON PETITION FOR REHEARING

1. APPEAL AND ERROR—DEFENDANT, ON APPEAL, MAY NOT MAKE A
CONTENTION OPPOSITE TO THAT MADE BY HIM ON DEMURRER IN
THE LOWER COURT AND SUSTAINED BY IT.

Defendant, having demurred to the first cause of action on
the ground that it did not plead a valid contract, and demurrer
having been sustained, may not, on appeal from judgment for
plaintiff on the second cause of action, on quantum meruit,
shift his position and claim that plaintiff had a valid contract.

See 4 C. J. sec. 2609, p. 701, n. 49.

On petition for rehearing.  **Rehearing denied.**
For opinion on merits, see 49 Nev. 120.

*William M. Kearney,* for Petitioner:

Recovery cannot be had on quantum meruit where
express contract exists.  Perkins v. Hart, 11 Wheat. 463.

Party must perform contract unless performance is
made impossible through no fault of his.  Himld v.
Jones (U. S.), 17 L. Ed. 762.

If claim is on quantum meruit and proof shows
express contract, there is fatal variance.  Edinger v.
Sigwart, 110 P. 521.

Plaintiff must recover on cause alleged and not upon
some other developed in proof.  Mondran v. Goux, 51
Cal. 151.

If agreement is to be carried out in some way other
than by payment of money, general rule is it must be
declared on specially.  Eastland v. Sparks, 22 Ala. 607.

Proposition of law once decided by appellate court is
not open to reconsideration upon subsequent appeal or
writ of error.  Bouvier's Law Dictionary, "The Law of
the Case"; Messinger v. Anderson (U. S.), 56 L. Ed.
1152.

Ruling on demurrer is not such final adjudication that
court may not reconsider its action and enter contrary
order.  Dowie v. Priddle, 75 N. E. 243.

*John D. Hoyt,* for Appellant:

Petitioner urges this court to place construction upon pleadings and facts diametrically opposite to his position in court below.  He seeks to establish premise, which neither facts nor law of case as established by ruling on demurrer justifies, that appellant proved valid express contract and that court below recognized it as such, ignoring fact that lower court held it not valid and express, but indefinite, uncertain and unenforceable. Whether right or wrong, court should and did adhere to ruling and follow it to logical conclusion.

## OPINION

*Per Curiam:*

Counsel for respondent, in his petition for a rehearing, says:

"In the case at bar, if I am not mistaken, Mr. Siebert, the appellant, had a valid contract by which he could have received the stock which, according to his complaint, was to be delivered to him upon the fulfillment of the conditions specified in the alleged contract."

The first cause of action pleaded in the complaint was upon the alleged contract.  This cause of action was demurred to by respondent upon the ground that it did not state facts sufficient to constitute a cause of action, in that it did not plead a binding contract.  The demurrer was sustained.  It seems that respondent seeks to shift his position, in that he now says the plaintiff "had a valid contract."  This he cannot do.  This court, in State ex rel. v. Commissioners of Lander County, 35 P. 300, 22 Nev. 71, quoted from Bigelow on Estoppel, as follows:

"It may accordingly be laid down as a broad proposition that one who has taken a particular position in the course of a litigation must, while that position remains unretracted, act consistently with it."

See Wheeler v. Hurley, 49 Nev. 70.

After a careful consideration of the petition, we fail to find any justification for the granting of a rehearing.

Petition for a rehearing is hereby denied.

## On Costs

May 19, 1926.                                        246 P. 1.

1. Costs.
     Cost bill, filed within time limit after filing of order denying
     petition for rehearing, is in due time.

2. Costs—Verified Bill Stating Costs are Correct and Neces-
     sarily Incurred Is Sufficient (Supreme Court Rule 6).
     Under supreme court rule 6, requiring that one seeking to
     recover costs file bill stating "actual" costs, a bill stating that
     costs listed are "correct" and "necessarily incurred" is suffi-
     cient.

See 15 C. J. sec. 655, p. 262, n. 24, 28 (new) ; 3 C. J. sec. 1589,
     p. 1420, n. 31; 4 C. J. sec. 2528, p. 641, n. 9.

From a ruling of the clerk of court, overruling objec-
tions to cost bill of plaintiff, defendant appeals. **Ruling
sustained.**

## OPINION

By the Court, Coleman, C. J.:

The respondent filed objections to the cost bill of the
appellant, the grounds of objection being:

"(1) That the said cost bill is not in conformity with
the rule of the supreme court with reference to cost bills,
particularly rule VI of the supreme court.

"(2) That rule VI has not been complied with in
showing the actual cost of typing and printing.

"(3). That said cost bill was not filed within the time
allowed by law or the rule of court in that the said
decision and opinion was published in the year 1925."

The clerk of the court overruled the objection and
allowed costs as claimed in the cost bill. Respondent
has appealed from the ruling of the clerk.

1. There is no merit in the objection. As to the last
point made, it appears that the cost bill was filed within
the time limit after the order denying respondent's
petition was filed. This is within time. Ramelli v. Sorgi,
40 Nev. 281, 161 P. 717.

2. As to the second ground of objection, it may be
said that the proof of the claim was identical to that in
the case of Sorge v. Sierra Auto Supply Co. et al., 48
Nev. 60, 227 P. 320; hence it is sufficient.

The first objection is very general, and does not point out wherein the cost bill is not in conformity with the rules of the court. Counsel does not refer to it in his brief, and hence evidently waives the point. An inspection of the cost bill shows, however, that it is sufficient.

The ruling of the clerk is sustained.