RAYNOLDS, C. J., and PARKER, J., concur.

---

[No. 2627. June 2, 1922]

RAYNOLDS v. SWOPE, COUNTY TREASURER, et al

### SYLLABUS BY THE COURT

Taxes levied in a county for school maintenance are county taxes, levied for a public purpose under constitutional authority, and violate neither the principle that the proceeds of taxes levied in one district cannot be used in another, nor Section 4 of Article 12 of the Constitution.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by J. M. Raynolds against E. B. Swope, as Treasurer of Bernalillo County, N. M., and the Bernalillo County Board of Education, and from a judgment on demurrer dismissing the complaint, plaintiff appeals. Affirmed.

A. B. McMillen and Lawrence F. Lee, both of Albuquerque, for appellant.

H. S. Bowman, Atty. Gen., for appellees.

### SYLLABUS BY THE COURT

DAVIS, J. By what is known as the County Unit Law (Chapter 79, Laws 1915, and Chapter 105, Laws 1917), the Legislature adopted a new method of collecting and distributing taxes for school purposes. This proceeding attacks Section 43 of the 1917 law as being contrary to the principle that one district or class may not be taxed for the benefit of another district or class, which appellant says is a fundamental principle of taxation, and specifically because it is in conflict with Section 4, of Article 12, of the Constitution.

Under the system created by these acts schools and school districts are divided into two classes, municipal and rural. The municipal schools are under the control and management of the municipal boards of education. The rural schools are conducted and managed by county boards of education and boards of directors in each school district. The municipal boards of education and the directors in the rural school districts each year prepare a budget, or estimate, of the financial needs of their district. The municipal estimates go direct to the county commissioners. The rural estimates are submitted for approval to the county superintendent of schools, who passes upon them, and, if approved, submits them also to the county commissioners. The commissioners, thus having before them the estimates of the amount of money necessary for all of the schools within the county, municipal and rural, pass upon them, and then levy a flat tax upon all of the property in the county suffiicient, with other revenues not involved in this proceeding, to maintain the schools for the ensuing year in accordance with the approved estimates. The moneys derived from this tax are credited to the districts in accordance with these estimates. It will be observed that under this basis of distribution there is no relation between the tax collected in any one district and the revenue apportioned to it. Some districts receive more than the amount contributed from the taxable property within their boundaries and others less. Unless the funds are divided among the districts in accordance with the tax-paying property in each, this is the inevitable result. A distribution, for instance, according to the number of children of school age in each district, or according to enrollment or attendance, would create the same situation as that here complained of.

Appellant is a taxpayer within the municipal district of Albuquerque. He alleges that a large portion of the taxes collected from him and the other taxpayers within that district under the county levy will be distributed to other districts, and therefore in effect that he is

taxed for the benefit of districts in which he has no interest. An injunction was asked restraining the county treasurer from paying to the county board of education any portion of the levy collected within the Albuquerque district, and the court was asked to declare Section 43 of Chapter 105, Laws 1917, unconstitutional. The complaint was dismissed on demurrer, and this appeal taken.

The contention of appellant, tersely stated, is that each school district must be a self-supporting unit, maintaining its schools exclusively from its own resources. The position is not based upon constitutional or statutory authority, but upon the general principles that one district may not be taxed for the benefit of another. Appellant's brief cites decisions and text-writers to the effect that levies for the benefit of a city may not be made on property outside of the city, and, conversely, in one case, that town property may not be taxed for the benefit of persons not residing in it. The fallacy in the entire argument lies in the fact that we do not have here taxation of one district for the benefit of another. The tax is not a district tax. It is a county tax, levied equally and uniformly upon all the taxable property in the county. We are not dealing with a special tax levied against the property in one district, the proceeds of which are used in another. A levy by the county for the carrying on of education is certainly for a public purpose. It is difficult to see how a county tax, levied for a public purpose, under distinct legislative authority, imposed uniformly upon all the property assessed in the county, can be subject to attack. Indeed appellant does not question the validity of the tax, nor seek to restrain its collection. He complains of the distribution made of it after it has come into the county treasury. An injunction is asked restraining the treasurer from paying it out in accordance with the provisions of the law under which it was collected, but appellant's theory as to what is to be done with it is not disclosed. The standing of an individual taxpayer to litigate the distribution of this fund might well be doubted. But be this as it may, we know of no rule of

law, and there is certainly neither statute nor constitutional provision, that requires money lawfully collected in one district to be expended in that district, nor any principle that necessitates the considering of education as a local matter peculiar to special districts. School affairs may be administered through districts as a matter of convenience, but the power to administer may be in one body and the power to tax in another. The conclusion that a district must support itself from its own funds does not follow from the premise of its creation nor its endowment with administrative powers. Assume that there were in any given year no municipal schools in the city of Albuquerque or in some outside district. That would not mean the illegality of levying a tax upon the property in that district for county educational purposes, any more than the fact that there is no public road or no bridge adjacent to the property of an individual would exempt it from a general county road and bridge tax.

"Wherever a system of public instruction is established by law, to be administered by local boards, who levy taxes, build schoolhouses, and employ teachers for the purpose, it can hardly be questioned that the state, in establishing the system, reserves to itself the means of giving it complete effect and full efficiency in every township and district of the state, even though a majority of the people of such township or district, deficient in proper appreciation of its advantages, should refuse to take upon themselves the expense necessary to give them a participation in its benefits. Possibly judicial proceedings might be available in some such cases, where a state law for the levy of local taxes for educational purposes had been disobeyed; but the Legislature would be at liberty to choose its own method for compelling the performance of the local duty. And here again the state has the same power to apportion the moneys raised for the general purpose that it has to apportion moneys raised for police purposes or for roads." 2 Cooley on Taxation (3d Ed.) p. 1299.

Just as in the case before us it happens that there is collected from the city of Albuquerque under this general tax more money than is there expended for education, and the surplus is used for educational purposes elsewhere in the county, so in some rural districts in the state it may happen that sums are collected from

taxes upon property within their limits greatly in excess of the amount needed or expended on schools in them, and the surplus be used for the other schools including those in the municipalities. It is a general county tax, not levied by districts, but spread generally, over all taxable property. It is apportioned fairly and equitably to the various schools according to their needs, certainly a fair bases of distribution. There is no contention in this case that any district is apportioned more than its necessities require, nor that Albuquerque as a district is receiving less than its needs. The taxpayers of Albuquerque are not assessed as members of that district, but as citizens of the county, and they can have no complaint.

The asserted unconstitutionality of the law is predicated upon Section 4 of Article 12 of the Constitution, which is as follows:

" * * * The Legislature shall provide for the levy and collection of an annual tax upon all the taxable property in the state for the maintenance of the public schools, the proceeds of such tax levy to be added to the current school fund above provided for. The current school fund shall be distributed among the school districts of the state, * * * and shall provide for the levy and collection of additional local taxes for school purposes. * .* * *

"Before making the distribution above provided for, there shall be taken from the current school fund as above created, a sufficient reserve to be distributed among school districts in which the proceeds of the annual local tax, when levied to the limit allowed by law, plus the regular quota of current school funds allotted to said district, shall not be sufficient for the maintaining of a school for the full period of five months. * * * "

This section deals primarily with the current school fund of the state, its creation and distribution, in neither of which we are at present concerned, for we are dealing with a county, not a state fund, although we may mention in passing that this constitutional provision conflicts with appellant's idea of fundamental justice in taxation, since the proceeds of the state tax are distributed among the school districts in proportion to the number of children of school age, with the inevitable result that the districts do not receive appor-

tionments in accordance with their contributions. The section further specifies that the Legislature "shall provide for the levy and collection of additional local taxes for school purposes." The word "local" is used to distinguish the tax from the state tax already provided for. We are now asked to construe this as meaning a tax to be levied in the various school districts, and to hold that this language precludes the Legislature from authorizing a general county tax levied uniformly upon property in all the districts. The argument is made that this construction is required by the last paragraph of the section, which allows an additional distribution to "districts in which the proceeds of the annual local tax, when levied to the limit allowed by law," plus its regular distribution from the state fund, "shall not be sufficient to maintain a school for five months." The additional distribution is dependent upon the amount received by the district from the proceeds of the local tax. That tax may be levied upon the district specially, or upon the county as a whole. As to this the Constitution is silent. In this respect it deals with the proceeds of the tax, not the territorial extent of its levy. We find in the section nothing which makes the word "local" synonymous with "district." The county tax with which we are dealing is a local tax within the meaning of this section, and there is no prohibition against its levy or the distribution of its proceeds in the manner provided in the acts under consideration.

For the reasons stated the judgment will be affirmed; and it is so ordered.

PARKER, J., and LEAHY, District Judge, concur.