(February 11, 1924.)

DAVID C. PETRIE et al., Appellants, v. COMMON SCHOOL DISTRICT No. 5, ADA COUNTY et al., Respondents.

[223 Pac. 535.]

COMMON SCHOOL DISTRICTS—SPECIAL TAX LEVY—STATUTORY REQUIRE-
MENTS JURISDICTIONAL—INJUNCTION PROPER REMEDY.

   1.   Where the statute provides for the levying of a special tax by a school district and prescribes the manner in which such levy must be made, such requirements are jurisdictional, and a compliance therewith is necessary to the validity of the proceedings.
   2.   Injunction will lie to restrain proceedings based upon a tax levy made in violation of statutory provisions, where such proceedings would result in creating a cloud upon the title to real estate.

APPEAL from the District Court of the Third Judicial District, for Ada County.   Hon. M. I. Church, Judge.

Publisher's Note.

Right of individual to enjoin illegal tax assessment, see notes in 3 Ann. Cas. 1014; Ann. Cas. 1917E, 97.

Action to enjoin the defendants as trustees of a common school district from certifying for levy a special tax. Demurrer to complaint sustained. Judgment *reversed,* with direction to overrule the demurrer.

Martin & Martin, for Appellants.

"Where the statute provides for the levying of a special tax, all requirements of the statute in regard to the making of such levy must be strictly followed." (*Bramwell v. Guheen,* 3 Ida. 347, 29 Pac. 110; *Mercury Gold Mining & Milling Co. v. Spry,* 16 Utah, 222, 52 Pac. 382; *People v. Seall,* 52 Cal. 71; 35 Cyc. 1050; *St. Louis & S. F. R. Co. v. Haworth,* 48 Okl. 132, 149 Pac. 1086; *Goerdt v. Trumm,* 118 Iowa, 207, 91 N. W. 1067; *Parvin v. Wimberg,* 130 Ind. 561, 30 Am. St. 254, 30 N. E. 790, 15 L. R. A. 775.)

District court had jurisdiction of a suit in equity to enjoin the collection of an illegal tax levied by the trustees of the school district. (*Ashley v. Richards,* 32 Ida. 551, 185 Pac. 1076; *Union Pacific R. Co. v. Troupe,* 99 Neb. 73, 155 N. W. 230; *Elyria Gas & Water Co. v. City of Elyria,* 57 Ohio St. 374, 49 N. E. 335; *Neacy v. City of Milwaukee,* 142 Wis. 590, 126 N. W. 8; *Citizens' Nat. Bank v. Murrow* (Iowa), 133 N. W. 769; *Kellaher v. City of Portland,* 57 Or. 575, 110 Pac. 492, 112 Pac. 1076; *Hawkins v. Lake County,* 303 Ill. 624, 136 N. E. 487; *Schwartz v. Commissioners, etc.,* 307 Ill. 209, 138 N. E. 665.)

A court of equity has jurisdiction of a suit to enjoin the collection of a tax where it is alleged that the tax is illegal and throws a cloud upon the title of real property and its enforcement will produce irreparable injury. (*City of Baltimore v. Gail,* 106 Md. 684, 68 Atl. 282; *King County, Wash., v. Northern Pac. R. Co.,* 196 Fed. 323, 116 C. C. A. 143.)

Delana & Delana, for Respondent.

Elections upon propositions in school districts are not governed by our contest of election statute. (C. S., secs. 7274–7300; *Ashley v. Richards,* 32 Ida. 551, 185 Pac. 1076.)

The legislature may make the return of elections conclusive and in the absence of statutory remedy for correcting the same they are conclusive. (*Parmeter v. Bourne,* 8 Wash. 45, 35 Pac. 586; Paine on Elections, p. 663, sec. 793.)

The fact that the plaintiff asks equitable relief does not change the cause of action from a contest of election into an equity suit, nor confer upon the court of equity jurisdiction. (*Link v. Karb,* 89 Ohio St. 326, 104 N. E. 632.)

BRYAN, Commissioner.—On October 5, 1923, plaintiffs filed their amended complaint in which they allege they are taxpayers and owners of real estate within the defendant district; that they are legal voters within said district and that this suit is brought not only for themselves but on behalf of a large number of other voters and resident taxpayers similarly situated. The suit is brought to enjoin the defendants, Hinkson, Renshaw and Coffin, as trustees of defendant school district from certifying for levy a special tax of ten mills on the property of the district sufficient to raise the sum of $10,256 for general school purposes for the year 1923 and also an additional levy of five mills for high school purposes. Plaintiffs also seek an order restraining said defendants as trustees of the school district and the defendant, Lura V. Paine, as superintendent of public instruction of Ada county, from paying any money on a contract of $6,000 for building an addition to the schoolhouse in said district, which contract, the plaintiff alleges, was illegally entered into by the trustees of the district. Among other things the complaint alleges that the clerk of the school district gave notice of the annual meeting to be held on Saturday, April 21, 1923, but that said notice contained no statement or warning that any question would be submitted to said meeting relative to the building of an addition to the schoolhouse or the levying of a special tax to pay for such addition or furnishing the same, and that no notice whatever that such matters would come be-

fore said meeting was ever given. It is also alleged that the meeting never fixed the amount of money to be raised.

The complaint further alleges that the meeting entirely failed to determine the purposes for which money to be raised by special taxation for the year 1923 should be expended, and failed to determine or consider the question of the purposes for which the whole amount or any part thereof, to be raised by special taxation, was to be used. It is further alleged that after the adjournment of said meeting the said Renshaw, as clerk of the meeting, prepared a return and report thereof to the county superintendent of public instruction of Ada county and that he thereafter caused the said return to be filed with the said county superintendent. It is further alleged that the said certificate and return was false and untrue in that said return states that "it was decided at said annual meeting to vote upon the question of whether or not a special tax of ten mills sufficient to provide $10,256 should be levied for the purpose of meeting school expenses," when in truth and in fact no such question was submitted to said meeting and it was not decided to vote upon said or any other sum for school expenses, or for any other purpose. It is further alleged that after said meeting the chairman and clerk of the board of trustees made and filed a certificate with the superintendent of public instruction certifying the amount to be raised for general school purposes by special levy, and that said certificate was false and untrue in all matters contained therein.

The complaint also alleges that defendant trustees threaten to and will, unless restrained by an order of the court, certify to the clerk of the board of commissioners of Ada county for levy a special tax upon the property of the district in the sum of $10,256, and ask the levy of a ten mill tax upon the property of the school district to raise the same, and will falsely certify that said sum was authorized and voted to be raised at said meeting; that they will further certify to the clerk of the board of commissioners a special levy of five mills for high school tuition purposes and falsely

and fraudulently certify that the said sum was authorized and voted at said meeting, when in truth and in fact no such special tax was authorized and voted; and by this false and fraudulent certificate they will cause such taxes to be levied against the property of said district and the same will create a cloud upon the title of the property owned by these plaintiffs and other taxpayers and that they have no speedy or adequate remedy at law.

To this complaint defendants interposed a demurrer which, by its terms, is both general and special. From the judgment of the district court sustaining the demurrer this appeal is prosecuted.

Section 50 of chapter 215, 1921 Session Laws as amended by chapter 169, 1923 Session Laws, p. 254, provides:

"The annual meeting in common school districts shall determine the amount of money to be raised by special taxation, the levy for which purpose shall not exceed (10) mills on each dollar of taxable property of the district, and shall determine the purposes for which the money derived therefrom shall be expended, naming in each instance the proportion of the whole amount which is to be used for the various and separate purpose. . . . . "

The demurrer admits the truth of all allegations contained in the complaint, among which is the allegation that the annual meeting in controversy wholly failed to determine the amount of money to be raised by special taxation and wholly failed to determine the purposes for which the money derived therefrom shall be expended, and wholly failed to name in each instance the proportion of the whole amount which is to be used for the various separate purposes, as required by the statute above quoted.

Defendants contend that this complaint is one for the contest of an election and that therefore equity is without jurisdiction to intervene. It may be said that in the complaint there are numerous allegations, which, if standing alone, would constitute this an action for the contest of an election as contended for by defendants. Among such allegations are those contained in paragraph VII to the effect

that the board of trustees arbitrarily took charge of the meeting and refused to allow the electors to organize the same; that they arbitrarily assumed to act as chairman and secretary of said meeting and refused to permit the election of a chairman and secretary by said meeting and refused to permit any motion to be made except those made or suggested by themselves and refused to entertain or put any motion whatsoever to a vote of said meeting except such matters as they themselves suggested; that they arbitrarily caused the sheriff of Ada county to be present at said meeting and threatened voters with arrest when they, in a peaceful and proper manner, attempted to address the said meeting. It will be noted, however, that the complaint goes much further and alleges a total violation of the act of the legislature above quoted, which requirements, we think are jurisdictional as a preliminary to the levy of a special tax which is to be made a charge against the property of the district and the levy of which will create a cloud upon the title of such property.

In the brief and upon the oral argument it was contended by counsel for defendants that the procedure actually employed at the meeting by way of preparation of budget, calling the same to the attention of the voters, etc., was sufficient to bring the transactions at the meeting within the requirements of sec. 50, chap. 169, 1923 Session Laws. In the record there is nothing whatever to sustain this contention. The complaint alleges a total disregard of the provisions of this section, and the demurrer admits such allegations. Upon this record this controversy must be determined here. If at the meeting such things transpired as to bring the proceedings within the provisions of this section the same will have to be determined on a hearing in which proper pleadings asserting such matters will be brought to the attention of the court.

The next question to be determined is: Is this a proper case for the intervention of equity? In this case of *Bramwell v. Guheen*, 3 Ida. 347, 29 Pac. 110, the syllabus by the court is as follows:

"Where the statute provides for the levying of a special tax by a school district, and prescribes the manner in which such levy must be made, a literal compliance with the requirements of the statute is necessary to the validity of the tax.

"Injunction will lie to restrain the collection of an illegal tax, where it creates a cloud upon title to real estate."

In the case of *Ashley v. Richard,* 32 Ida. 551, 185 Pac. 1076, cited by counsel for both appellant and respondents, at page 560 it is said:

"As our statutes now stand, unless this action can be maintained the appellant and other taxpayers of the school district are without remedy, for no other remedy is available. It would be possible for interested persons, by fraudulent and corrupt conspiracy, in effect to nullify a provision of the constitution, and to procure the issuance of illegal school district bonds in direct violation thereof."

With like force and effect it can be said that if such action cannot be maintained it will be possible for interested persons to nullify a provision of the statutory law and procure the levy of an illegal tax.

On the following page the court quotes with approval the language of Mr. Justice Field in the case of *Crampton v. Zabriskie,* 101 U. S. 601, 25 L. ed. 1070, as follows:

"Of the right of resident taxpayers to invoke the interposition of a court of equity to prevent an illegal disposition of the moneys of the county or the illegal creation of a debt which they in common with other property holders of the county may otherwise be compelled to pay, there is at this day no serious question. The right has been recognized by the state courts in numerous cases; and from the nature of the powers exercised by municipal corporations, the great danger of their abuse and the necessity for prompt action to prevent irremediable injuries, it would seem eminently proper for courts of equity to interfere upon the application of the taxpayers of a county to prevent the consummation of a wrong, when the officers of those corporations assume, in

excess of their powers, to create burdens upon property holders.''

It will be noted that the case of *Ashley v. Richard,* in which the above quotation appears, was one brought to enjoin the defendants from issuing bonds of a school district, which bonds it was claimed were about to be issued in violation of law.

McCarthy, C. J., and Dunn and Wm. E. Lee, JJ., concur.

PER CURIAM.—The foregoing is hereby approved as the opinion of the court, and the judgment of the trial court is reversed with directions to overrule the demurrer. Costs are awarded to appellants.