359 P.2d 635

BOARD OF TRUSTEES OF JOINT CLASS A SCHOOL DISTRICT NO. 151 IN CASSIA AND IN TWIN FALLS COUNTIES, and Hermon King, E. R. Blauer, Kenneth Warr, William Brusch and Joe Gillette, Consisting of the Members of the Board of Trustees, Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF CASSIA COUNTY, Idaho, and R. J. Harper, J. Weldon Beck and John Clark, Consisting of the Members of the Said Board of County Commissioners of Cassia County, Idaho, Defendants.

No. 8963.

Supreme Court of Idaho.

Feb. 16, 1961.

Herman E. Bedke, Burley, for plaintiffs.

Norman H. Nielson, Burley, for defendants.

KNUDSON, Justice.

This is an original proceeding commenced in this Court for a Writ of Mandate to be directed to the defendant Board of County Commissioners of Cassia County, to compel said Board to levy a tax on all taxable property in Cassia County sufficient to raise the sum of $68,537.76, however, not to exceed 3 mills to be collected and paid into the County School Emergency Fund. Throughout this opinion Joint Class A School District No. 151 will be referred to as plaintiff and Cassia County will be referred to as defendant.

It is undisputed that plaintiff's Board of Trustees, before September 15, 1960, and pursuant to the provisions of I.C. § 33–1013A determined that there were 18.9 additional classroom units for the school year just commenced, above the number shown on the last annual report of the district; that the sum of $68,537.76 was the amount of money required to provide the minimum

educational and transportation program for said additional classroom units and certified to the defendant's Board said sum to be the plaintiff's need under the County School Emergency Fund. Plaintiff's request to levy a county-wide tax sufficient to provide said amount, but in no case to exceed 3 mills, to be collected and paid into the County School Emergency Fund was denied by defendant.

Plaintiff district does not encompass the entire area of defendant county and embraces a small portion of Twin Falls County. Joint Class A School Districts Numbered 331, 381 and 418 each have a portion of defendant county within the boundaries of their respective districts. The plaintiff and said District 331 are the only school districts having some area within the defendant county that have requested the defendant's Board to levy a tax for the County School Emergency Fund.

■ Defendant contends that under the provisions of I.C. § 63–907 each school district is entitled to request a levy only upon that portion of the defendant county lying within the boundaries of such school district. Therefore the principal issue presented is whether, under existing statutes, the County School Emergency Fund is to be raised by a tax levied upon all taxable property of the county, or by a tax levied upon the taxable property of the school district or districts which requested the levy to be made.

The County School Emergency Fund is authorized and created under I.C. § 63–907 which provides:

"Annually, on or before September 15, * * * board of trustees of any school district within the county having determined the number, if any of new classroom units * * * not included in * the last annual report, thereof, and the amount of money required * * * to provide the minimum educational and minimum transportation programs * * * for such new classroom units, as defined in sections 33–1007 and 33–1008, Idaho Code as amended, the board of county commissioners shall determine the total of such new requirements within the county and upon the same property designated in section 63–906 and for the same year the board shall levy a tax sufficient to provide such amount, provided in no case shall the levy be more than three mills, to be collected and paid into the county school emergency fund which is hereby created."

Said statute specifically designates the property upon which the levy is to be made as being "the same property designated in section 63–906". Said last-mentioned section provides for an annual county tax levy for general school purposes, the pertinent part of which is:

"Upon the same property and for the same year the board must also levy

for general school purposes a tax sufficient to provide * * *."

The expression "the same property" contained in said § 63–906 refers to the property mentioned in I.C. § 63–903 which is "all taxable property of said county". It is clear that the tax authorized under I.C. § 63–907 must be levied upon all taxable property within the county involved.

Defendant contends that since said School District No. 331 has also requested a levy for the County School Emergency Fund plaintiff is not entitled to have its request granted since to grant the request of both districts would constitute a duplication of taxes contrary to the provisions of Idaho Const. Art. 7, § 5. There is no merit to such contention. The statutes providing for the creation, apportionment and final disposition of such emergency fund (I.C. § 63–907; I.C. § 33–1013A; I.C. § 33–1014) clearly provide in substance that the Board of Trustees of any school district within the county which is qualified to receive any portion of such fund may, within the time specified, certify to the Board of County Commissioners the facts establishing the need for emergency funds, occasioned by reason of increased pupil attendance, and request the levy of a tax to create such fund. After receiving all such requests the Board of County Commissioners "*shall determine the total*" of such new requirements *within the county*" and shall levy a tax upon all taxable property of the county sufficient to raise such total amount, but in no case shall such levy exceed 3 mills. It should be noted that the language used in. I.C. § 63–907 makes it mandatory upon the Board of County Commissioners to act.

Defendant also contends that if the levy requested by plaintiff is made there would be no *uniformity of taxation* upon the residents within the territorial limits of Cassia County, since some school districts having areas within said county did not request an emergency levy. In this connection the pertinent part of Idaho Const. Art. 7, § 5, provides "All taxes shall be uniform upon the same class of subjects within the territorial limits, of the authority levying the tax * * *". The provisions of the statute authorizing the levy here questioned are explicit in directing that the levy be made *upon all taxable property of the county*. Consequently since the requested levy must be county-wide it does not lack uniformity of taxation within the defendant county. Independent School Dist. etc. v. Common School Dist., 64 Idaho 303, 131 P.2d 786.

Defendant further contends that the requested levy is in violation of the law since it would not benefit all the taxpayers within the defendant County. I.C. § 33–1014 directs the apportionment and disposition

of the County School Emergency Fund and provides:

"The county * auditor shall * * * determine quarterly each year * * * the money on hand to the credit of the county school emergency fund of his county, not already apportioned * * * and shall apportion the money among the several school districts which are qualified to receive it in the proportion that the share of each bears to the total required to be provided in the fund for the school year; provided, that there shall not be apportioned to any school in any year an amount in excess of the amount certified by the board of school trustees as the school's requirements for that year in the fund, nor to any school unless the school board minutes of a regular meeting clearly provide for not less than a seven-month school term, nor to any school with less than 10 pupils in average daily attendance unless the state board of education has approved such school, nor to any school for more than a nine-month term, nor to any school district which has not made the minimum levy required for the state minimum educational program, nor to any school district which has neglected or refused to make such reports as are required by law.

"If there be in the fund for any school year an amount of money which exceeds the requirements for apportionments as provided herein for said year, such amount shall be closed into the county school fund not later than September 15 of the following year."

Defendant does not point out in what respect it is claimed that the apportionment of the fund as authorized under said § 33–1014 is unlawful and we are not aware of any meritorious basis for such contention.

■■ One of the essential requisites of lawful taxation is that the purpose for which it is laid must be a lawful purpose. Likewise as concerns the expenditure of public money the test is not as to who receives the money, but the character of the purpose for which it is to be expended. It is apparent from the provisions of said statutes that the levy provided for in I.C. § 63–907 is authorized in order to provide funds with which to defray unanticipated expense of educational and transportation programs brought about by reason of increase in pupil attendance. It is in the nature of an emergency measure to procure funds with which to provide, among other things, teachers, classroom facilities and transportation for new classroom units, the number of which could not be determined until pupil enrollment took place at the commencement of the term. Considering the policy of our State Constitution toward education (Art. 9, § 1) it is clear that the

purpose of the statutes here involved cannot successfully be challenged.

■ The fact that the need for such emergency fund may be greater in one area or district within the county, than in another, does not invalidate the levy. We are not here dealing with a special tax levy against the property in one district, the proceeds of which are used in another. It is a county tax levied equally and uniformly upon all the taxable property in the county. The taxpayers are not assessed as members of a school district but as citizens of the county. The fund is apportioned fairly and equitably to the various schools within the county according to their needs. In Hanson v. DeCoursey, 66 Idaho 631, 166 P.2d 261, 262, this Court had under consideration a comparable case where the respondent contended that the possibility and probability of his being taxed for his own school district and to help, up to the maximum of one and one-half mills per dollar, another district, was unfair and unjust. Discussing such contention the Court said:

"The legislature in the case at bar has merely made it possible for the more needy schools of the county to obtain help from the whole county, if such assistance is necessary, in the judgment of the county superintendent of schools and the commissioners."

The fact that the proceeds of a tax levy are apportioned in varying amounts and that some districts receive less than the amount of levy therein does not constitute lack of uniformity, where the tax is apportioned reasonably and according to need in an effort to equalize education or standards throughout the county. Raynolds v. Swope, 28 N.M. 141, 207 P. 581; Miller v. Korns, 107 Ohio St. 287, 140 N.E. 773; Fenton v. Board of County Com'rs, 20 Idaho 392, 119 P. 41; Hettinger v. Good Road Dist. No. 1, 19 Idaho 313, 113 P. 721; 47 Am.Jur. 361.

Defendant also argues that the requested levy would be illegal for the reason that the residents of Twin Falls County who reside within the plaintiff district would not be taxed. We note that plaintiff, in its reply brief, states that it did request the Board of County Commissioners of Twin Falls County to raise funds for the County School Emergency Fund. In this connection it should be noted that after determination by the district of the amount of new requirements as provided in I.C. § 33–1013A "The product shall be certified to the county commissioners of the *one or more counties in which the district or any part thereof is situated,* as the total of the district's needs under the county school emergency fund". The foregoing statutory provision disposes of defendant's said contention.

The tax with which we are here dealing is a county tax and there is no prohibition

against its levy or the distribution of its proceeds in the manner provided in the statutes here under consideration.

It is ordered that the peremptory Writ of Mandate issue.

Costs to plaintiffs.

TAYLOR, C. J., and SMITH, Mc-QUADE and McFADDEN, JJ., concur.